Joseph Colon, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

432

 

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 7, 1983:

On January 5, 1982, following a revocation hearing held on December 3, 1981, the Pennsylvania Board of Probation and Parole recommitted Joseph Colon as a technical and convicted parole violator. Colon contends that he was denied due process of law in connection with the December 3, 1981 hearing because he was provided with written notice of the claimed violations only eight days prior to the hearing, which he contends was insufficient time in which to prepare a defense.

While on parole, Colon had entered a plea of guilty of possession of heroin. A Notice of Charges and Hearing was served on the petitioner on November 24, 1981 and which informed him that a parole revocation hearing was scheduled for December 3, 1981 for violations of two conditions of his parole and for his conviction. Colon was represented by counsel at the December 3, 1983 hearing. No continuance was requested, and the fact of the parole violations and the conviction were not contested. In his written arguments here, Colon does not describe what his defenses would have been had he had longer advance notice and

does not contest the fact of the violations or of his conviction.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that written notice of, and hearing concerning, alleged parole violations are requirements of due process. In *Wolf v. McDonnell*, 418 U.S. 539 (1979), the court held that while inmates participating in prison disciplinary proceedings were not entitled to the full range of procedures mandated in *Morrissey* for parole hearings, they must be provided with at least twenty-four hour notice of the charges against them in order to prepare their defenses. The United States Circuit Court of Appeals has held that a preliminary hearing on four days notice was proper where a previously sought continuance had been granted and no prejudice is shown. *Hartman v. Parrott*, 535 F.2d 450 (8th Cir. 1976).

Colon's bare assertion that eight days was not sufficient time in which to prepare his defense without description of prejudice or the suggestion of a defense, is unavailing.

The order of recommitment made January 5, 1982 is affirmed.

### Order

And Now, this 7th day of March, 1983, the order of the Pennsylvania Board of Parole and Probation made January 5, 1982 is affirmed.