Charles Lee, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 6, 1983:

This case has been in this Court since October 17, 1979 following an order of the Board of Probation and

Parole (Board) which recommitted Charles Lee (Petitioner) as a convicted parole violator. On November 16, 1979, this Court entered an order directing that Petitioner's petition for review be acted upon as one filed in our original jurisdiction. There followed the Board's answer with new matter, the Petitioner's reply, preliminary objections by both parties and the final disposition of those preliminary objections by this Court on June 3, 1980.

On August 30, 1983, Petitioner filed a motion for summary relief, averring for the first time in these proceedings that this matter should be treated in our appellate jurisdiction rather than our original jurisdiction, citing *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980). Petitioner has not filed any appeal from the denial of administrative relief with this Court nor has he averred that he sought such administrative relief. The Board, however, has not objected to the procedural posture of the motion now before us and in the interest of judicial economy we will not dispose of this matter on procedural grounds but we do note that the proper motion in the instant case would be a motion for summary judgment or judgment on the pleadings.

The substantive issue raised by the motion now before us is a narrow one. Petitioner was recommitted as a parole violator when he was convicted of murder in the second degree in Montgomery County on May 9, 1979 and of murder in the first degree and other related charges (for which he subsequently received the death sentence) in Philadelphia County on August 14, 1979. At his full Board parole violation hearing of September 13, 1979, Petitioner's counsel requested a continuance on the grounds that Petitioner had not received adequate notice of the hearing, had inadequate opportunity to present witnesses and was not

represented by counsel of his choice. The Board refused the request, conducted the hearing (in which neither Petitioner nor his counsel actively participated) and entered the order of September 18, 1979 which was the subject of Petitioner's petition for review in this Court.

Before further proceedings occurred in this Court, the Board, sua sponte, notified Petitioner on November 11, 1979 that a de novo rehearing would be afforded Petitioner on November 21, 1979. That hearing was held with the Petitioner being represented by counsel from the Montgomery County Public Defender's office.[1] On November 28, 1979, the Board entered another recommitment order similar to the one previously entered on September 18, 1979.

In the motion now before us, Petitioner again claims that his due process rights were violated because he was unable, due to the constraints of time, to secure the presence of witnesses to bring to light circumstances surrounding his new convictions and to affirm Petitioner's adjustment in society while on parole. Petitioner also contends that he was denied the opportunity to secure counsel of his choice for the hearing.

There are three reasons why Petitioner's motion must be denied: 1) the Petitioner did not request a further continuance at the November 21, 1979 hearing

---

[1] At the hearing, Petitioner protested that the Board had no authority to conduct a hearing in view of his "appeal" to this Court. Although the Board's authority to act is *not* an issue in the instant appeal, we would note that at the time of the Board's hearing, there was an order of this Court extant that Petitioner's petition for review would be treated as one in our original jurisdiction. The Board's hearing, therefore, was not procedurally invalid. Petitioner, nevertheless, refused to participate in the November 21, 1979 hearing *solely* because he was of the opinion that the Board lacked authority to conduct the hearing.

and he voiced no objection at that hearing to being represented by the lawyer from the Public Defender's office 2) this Court in *Colon v. Pennsylvania Board of Probation and Parole,* 72 Pa. Commonwealth Ct. 431, 456 A.2d 1145 (1983) has held that 8 days notice of a revocation satisfies the due process requirements mandated by *Morrissey v. Brewer,* 408 U.S. 471 (1972) and 3 ) since Petitioner does not contest the fact of the violations of the serious convictions recited by the Board, all of the witnesses in the world and the best lawyer available to Petitioner could not mitigate the recommitment order entered in the circumstances of this case. *See Tate v. Pennsylvania Board of Probation and Parole,* 40 Pa. Commonwealth Ct. 4, 396 A.2d 482 (1979).

Pa. R.A.P. 1532(b) states that we may grant summary relief only where the right of the applicant is clear. In the instant case, Petitioner falls far short of meeting that burden.

### Order

The motion of Charles Lee, Petitioner, for summary relief is denied.