J-S43005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON HARRY LANG | |
| Appellant | No. 259 EDA 2014 |

Appeal from the Judgment of Sentence December 20, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007610-2007

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 05, 2014**

Appellant, Jason Harry Lang, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following revocation of his probation.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On January 30, 2008, the Commonwealth filed a criminal information charging Appellant with multiple offenses stemming from his possession of prescription drugs and cocaine at a Montgomery Township motel.  On October 3, 2008, Appellant entered a negotiated guilty plea at No. 7610 of 2007 to one count of possession of a controlled substance with intent to

_____

*Former Justice specially assigned to the Superior Court.
*Justice Fitzgerald did not participate in the consideration or decision of this case.

deliver ("PWID") at 35 P.S. § 780-113(a)(30). That same day, the court accepted the plea and imposed the agreed-upon sentence of one (1) to three (3) years' imprisonment, followed by three (3) years' probation.[1] The court added, "Sentence will date from September 27, 2007." (N.T. Guilty Plea Hearing, 10/3/08, at 14).

Appellant subsequently violated the terms of his probation and parole at multiple docket numbers, including No. 7610 of 2007. The court conducted a revocation hearing on October 20, 2010. At the conclusion of the hearing, the court revoked Appellant's probation at No. 7610 of 2007 and deferred re-sentencing. On November 30, 2010, the court re-sentenced Appellant as follows:

> And now, November 30, 2010, the sentence imposed on 10/3 of '08 is hereby revoked. [Appellant] is sentenced to undergo imprisonment for not less than time served nor more than 23 months in the Montgomery County Correctional Facility, commitment to date from May 19, 2010.

_____

[1] The trial court states that the jurist who presided over Appellant's sentencing hearing imposed a mandatory minimum sentence, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i). (*See* Trial Court Opinion, filed April 7, 2014, at 3 n.3.) The certified record, however, does not confirm this assertion. Our review of the notes of testimony reveals no mention of imposition of a mandatory minimum sentence. Significantly, there is no evidence that the Commonwealth provided notice of its intent to seek a mandatory minimum sentence. *See* 18 Pa.C.S.A. § 7508(b) (explaining reasonable notice of Commonwealth's intention to proceed under Section 7508 shall be provided after conviction and before sentencing). Absent more, we cannot conclude that the sentence imposed constituted a Section 7508(a)(3)(i) mandatory minimum term.

[Appellant] is sentenced to probation for a period of one year in the custody of the Montgomery County Adult Probation Department consecutive to parole under information [Nos. 157.1 and 2499 of 2007 and No. 8262.1 of 2005], concurrent sentences.

(N.T. Re-Sentencing Hearing, 11/30/10, at 8).

Appellant again violated the terms of his probation and parole at the various docket numbers, including No. 7610 of 2007. The court conducted a revocation hearing on June 17, 2011. At the conclusion of the hearing, the court revoked parole at No. 7610 of 2007 and ordered Appellant to serve sixteen (16) months, nineteen (19) days of backtime. The court also made Appellant eligible for "early parole with a dual-diagnosis, inpatient program if a bed becomes available." (N.T. Revocation Hearing, 6/17/11, at 27). On July 12, 2011, the parole board granted Appellant early parole to an inpatient program at the Keystone Center in Lansdale.

Appellant subsequently violated the terms of his probation at No. 7610 of 2007 by committing technical violations. Appellant also pled guilty to a new firearms offense in Philadelphia. The court initially conducted a revocation hearing on December 6, 2013. At that time, Appellant appeared with counsel from the public defender's office. Appellant, however, requested to proceed *pro se*. The court granted Appellant's request, allowing the public defender to remain as standby counsel. During the revocation hearing, the court questioned Appellant about his recent firearms conviction in Philadelphia. Appellant claimed he was unaware that the

Commonwealth would utilize the Philadelphia conviction as a basis to revoke probation at No. 7610 of 2007. At the conclusion of the hearing, the court continued the matter. Regarding the continuance, the court informed the parties as follows:

> What we're going to do is, we're going to move this and reschedule it for Tuesday, December 17, 2013, at 1:30. And we'd like [the probation officer] to come, be prepared to place on the record exactly what [Appellant's] sentence[es] are, what his whole history is, answer any questions that he has. He has some concerns about exposure, and I just want to make sure that we're on the same page together.

(N.T. Revocation Hearing, 12/6/13, at 16). On December 17, 2013, Appellant stipulated to a probation violation. The court revoked probation and deferred re-sentencing. On December 20, 2013, the court re-sentenced Appellant to two (2) to four (4) years' imprisonment. Appellant timely filed a *pro se* post-sentence motion on December 30, 2013, which the court denied on January 6, 2014.

Appellant timely filed a *pro se* notice of appeal on January 14, 2014. On January 16, 2014, the court ordered Appellant to file a concise statement of errors complained on appeal, pursuant to Pa.R.A.P. 1925(b). On February 11, 2014, the court conducted a hearing to determine whether Appellant knowingly sought to waive his right to counsel on direct appeal. During the hearing, Appellant elected to proceed with counsel from the public defender's office on appeal. Thereafter, Appellant filed a counseled Rule 1925(b) statement.

- 4 -

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting *Commonwealth v. Townsend*, 693 A.2d 980, 982 (Pa.Super. 1997)).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

\* \* \*

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw representation. The petition states counsel conscientiously reviewed the record and concluded the appeal would be wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any additional arguments Appellant deems

_____

2 **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

- 6 -

necessary. In his **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record. Counsel refers to evidence in the record that may arguably support the issues raised on appeal, and he provides citations to relevant law. The brief also provides counsel's reasons for his conclusion that the appeal is wholly frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issues raised in the **Anders** brief:

> [WERE] APPELLANT'S PROCEDURAL DUE PROCESS RIGHTS VIOLATED WHEN APPELLANT WAS NOT GIVEN ADVANCE NOTICE OF AN ADDENDUM TO THE NOTICE OF PROBATION VIOLATIONS PRIOR TO THE VIOLATION OF PROBATION HEARING?
>
> IS THE SENTENCE OF TOTAL CONFINEMENT IMPOSED BY THE TRIAL COURT FOLLOWING THE REVOCATION OF APPELLANT'S PROBATION ILLEGAL?

(**Anders** Brief at 4).

In his first issue, Appellant acknowledges that he received notice of the technical probation violations prior to the December 6, 2013 revocation hearing. Appellant complains, however, that the Commonwealth provided a written addendum to the original notice during the hearing. Appellant maintains the addendum amounted to his first notice of the Commonwealth's intent to utilize Appellant's new firearms conviction from

- 7 -

Philadelphia as a basis for revocation. Appellant insists the Commonwealth's untimely submission of the addendum left him with insufficient time to prepare a defense against the charge of a direct probation violation. Appellant concludes the Commonwealth and revocation court violated his due process rights by failing to provide adequate notice of the direct violation included in the addendum. We disagree.

"[D]ue process requires that a probationer receive written notice of the claimed probation violations prior to commencement of the revocation hearing…." **Commonwealth v. Carter**, 523 A.2d 779, 781 (Pa.Super. 1987) (quoting **Commonwealth v. Quinlan**, 488 Pa. 255, 258, 412 A.2d 494, 496 (1980)).

> The purpose of requiring prior written notice is to ensure that the…probationer can sufficiently prepare his case, both against the allegations of violations, and against the argument that the violations, if proved, demonstrate that…probation is no longer an effective rehabilitative tool and should be revoked…. [T]he requirement bears directly on the ability to contest revocation.

**Carter, supra** at 781 (internal citation and quotation marks omitted). **See also Reavis v. Pennsylvania Bd. of Probation and Parole**, 909 A.2d 28 (Pa.Cmwlth. 2006) (holding six (6) days' notice of revocation hearing did not, of itself, violate offender's right to due process; offender did not assert prejudice or suggest defense); **Colon v. Pennsylvania Bd. of Probation and Parole**, 456 A.2d 1145 (Pa.Cmwlth. 1983) (holding offender was not denied due process in connection with revocation hearing on ground that he

had only eight (8) days to prepare defense, absent description of prejudice or suggestion of defense).

Instantly, the revocation court addressed the notice of the direct violation as follows:

> Appellant next claims that he was given insufficient notice of the addendum to the original probation violation charges and, consequently, was unable to prepare a defense to those charges prior to the December 20, 2013 sentencing. Appellant first alleges that he was provided with only three days' notice of the new violation charges set forth in the addendum to the original notice of violation. This allegation is false. On December 6, 2013, Appellant appeared before the [court] for a violation of probation hearing. Appellant was made aware of the addendum to the original probation violation charges before this probation hearing was rescheduled. At the rescheduled December 17, 2013 violation hearing, Appellant testified that he received the addendum to the original probation violation charges "at the last hearing" and conceded that he had prior notice of the charges contained in the addendum. Finally, it should be noted that even though Appellant stipulated to the violation on December 17, 2013, both the [court] and [standby] counsel informed him that…a new conviction was sufficient for the [c]ourt to find that he violated his probation.

(*See* Trial Court Opinion at 3) (internal citations to the record omitted). We also observe that the eleven-day delay between Appellant's receipt of the addendum and the resumption of the revocation hearing gave Appellant adequate time to prepare his case. *See Reavis, supra*; *Colon, supra*. Moreover, Appellant stipulated to a violation at the December 17, 2013 hearing, which was enough to revoke his probation. Thus, Appellant cannot demonstrate prejudice as a result of the late issuance of the addendum. *Id.*

Therefore, Appellant is not entitled to relief on his first issue.

In his second issue, Appellant argues the new sentence of two to four years' imprisonment, when combined with his prior terms of confinement, exceeds the statutory maximum term of imprisonment for his PWID conviction. Appellant claims the maximum sentence the court could have imposed for a third degree felony was seven (7) years' imprisonment. Appellant concludes his current sentence is illegal. We disagree.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa.Super. 2006). "Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Id.* at 322-23. "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001). Additionally, a person who commits PWID is subject to the following penalties:

### § 780-113. Prohibited acts; penalties

*       *       *

(f)    Any person who violates clause (12), (14) or (30) of subsection (a) with respect to:

*    *    *

(1.1)    Phencyclidine; methamphetamine, including its salts, isomers and salts of isomers; coca leaves and any salt, compound, derivative or preparation of coca leaves; any salt, compound, derivative or preparation of the preceding which is chemically equivalent or identical with any of these substances, except decocanized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine; and marihuana in a quantity in excess of one thousand (1,000) pounds, is guilty of a felony and **upon conviction thereof shall be sentenced to imprisonment not exceeding ten years**, or to pay a fine not exceeding one hundred thousand dollars ($100,000), or both, or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal manufacture or distribution of these substances.

35 P.S. § 780-113(f)(1.1) (emphasis added).

Instantly, the revocation court determined that Appellant was subject to a maximum sentence of ten (10) years' imprisonment:

At Appellant's October 3, 2008 [guilty plea] hearing, it was clearly explained to Appellant that the charge of [PWID] was "graded as an ungraded felony [and] [i]n this particular case, there's a maximum potential penalty of up to ten years in prison." Appellant's October 3, 2008 sentencing sheet unmistakably demonstrates that the [PWID] charge was graded as an ungraded felony. Additionally, the October 3, 2008 sentencing guideline form clearly shows that the statutory limits for this ungraded felony were 60 to 120 months. There is no evidence that Appellant's conviction for [PWID] was graded as a felony of the third degree. Rather, evidence indicates that Appellant's original [PWID] charge was an ungraded felony punishable by a maximum sentence of ten years. As Appellant had five years and one month exposure as of the date of sentencing, the two to four year sentence

- 11 -

> imposed by the [revocation court judge] did not constitute an illegal sentence.

(**See** Trial Court Opinion at 2-3) (internal footnote omitted).

Following the entry of the guilty plea, the court sentenced Appellant to one to three years' imprisonment, followed by three years' probation. After Appellant's 2010 revocation hearing, the court re-sentenced Appellant to time served to twenty-three months' imprisonment, followed by one year of probation. In 2011, the court revoked parole and did not impose a new sentence; rather, the court ordered Appellant to serve sixteen months, nineteen days of backtime. **See Commonwealth v. Kalichak**, 943 A.2d 285, 290 (Pa.Super. 2008) (explaining parole revocation does not involve imposition of new sentence; instead, only option for parole revocation court is to recommit defendant to serve already-imposed, original sentence). Following the current revocation hearing, the court re-sentenced Appellant to two to four years' imprisonment. Here, Appellant's total maximum sentencing exposure amounts to eight (8) years eleven (11) months' imprisonment, which is less than the maximum ten (10) years permissible for Appellant's PWID conviction. **See** 35 P.S. § 780-113(f)(1.1). Therefore, the court imposed a legal sentence. **See Coolbaugh, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014