J-S55037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC WARRINER | |
| Appellant | No. 354 EDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002572-2008

BEFORE:  BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 10, 2015**

Eric Warriner brings this appeal from the judgment of sentence imposed on January 23, 2014, in the Court of Common Pleas of Montgomery County, following the revocation of his probation.  The trial court imposed a sentence of time served to 12 months in a county prison, commitment to date from June 12, 2013. Contemporaneous with this appeal, Warriner's counsel has filed a petition to withdraw from representation and an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The *Anders* brief identifies one issue, a challenge to the evidence supporting the revocation of Warriner's probation. For the reasons that follow, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Initially, we note that it appears that Warriner's sentence — time served to twelve months, commitment to date from June 12, 2013 — has expired, and his appeal is therefore moot.[1]  However, where a defendant appeals his conviction after he has completed serving his sentence, "the appeal is not moot if there is the possibility of collateral civil or criminal consequences as a result of the conviction." ***Commonwealth v. Kelly,*** 418 A.2d 387, 388 (Pa. Super. 1980).  Here, we find that the mootness doctrine does not apply, since the issue identified in the ***Anders*** brief challenges the court's revocation of probation, which could have future consequences.  ***See Commonwealth v. Carter***, 523 A.2d 779, 781 (Pa. Super. 1987) (addressing appeal from an order revoking probation and imposing a

---

[1] Counsel for Warriner states in the ***Anders*** brief, filed June 5, 2014:

> While it might appear that Warriner's appeal will become moot as of 13 June 2014, … Warriner was again taken into custody and charged with violating the terms of his county parole on 4 March 2014 and is currently confined in the [Montgomery County Correctional Facility] awaiting a violation of parole hearing. Insofar as Warriner will not be entitled to any credit for time he spent at liberty on county parole if that parole is indeed revoked, the maximum term expiration date of [the] 23 January 2014 sentence will be extended to deny Warriner credit for any such time.

***Anders*** Brief at 12 n.2 (citations omitted).

This information related by counsel, however, is not reflected by the certified record, which was received in this Court on April 8, 2014.  Therefore, we cannot consider it. ***See Commonwealth v. Vasquez***, 715 A.2d 468, 472 n.6 (Pa. Super. 1998) (holding that statements by counsel in briefs are not of record).

sentence of imprisonment even though sentence had been fully served and parole had expired; explaining "the fact that [the court] had previously been determined that [appellant] was a poor probation risk would most certainly appear in a presentence report and would be given consideration in imposing sentence for a new offense).

The record reflects that on November 5, 2008, Warriner pleaded guilty to violating 75 Pa.C.S. § 3802(b) (Driving under the Influence (DUI) – High Rate of Alcohol), and was sentenced to a term of one to two years' imprisonment, followed by three years' probation. On October 15, 2010, following a hearing at which Warriner stipulated to violation of his probation with respect to his DUI conviction, the trial court revoked probation and sentenced him to time served to 23 months in the county prison, to be followed by one year of probation. At a probation violation hearing on April 4, 2011, Warriner stipulated to being in violation of his county parole and probation, and the trial court revoked his county parole, recommitted him to county prison to serve his parole backtime, made him eligible for re-parole after serving five months, and re-imposed another consecutive one year term of county probation.

On June 13, 2013, Warriner was again charged with violating the terms and conditions of his probation at two docket numbers, CR-0272-2011 and CR-2572-2008 (his DUI conviction). The notice of violations was read into the record by Warriner's supervising probation officer, Jenna Kauffman:

The first violation is that [Warriner] failed to conduct himself in a manner that would not create a danger to the community or himself. To wit: On June 11, 2013 he admitted to myself that he slapped his live-in girlfriend, which resulted in her having a black eye.

Number 2, he failed to request non-narcotic and non-addictive medication to be prescribed and he failed to notify officer prior to consumption of the prescribed and/or over-the-counter medication. To wit: On or about June 13, 2013, he admitted he had been prescribed Percocet from two different hospitals and had consumed them.

Number 3, he failed to abstain from the unlawful possession, use or sale of narcotics or dangerous drugs and drug paraphernalia. To wit: On or about July 19, 2012, October 9, 2012 and April 12, 2012, he submitted urine samples which tested positive for the presence of opiates.

Four, failed to enter, cooperate or participate and/or complete an evaluation test and/or treatment as directed. To wit: He failed to enter and complete intensive outpatient treatment as recommended by the probation and parole intervention (PPI) evaluation.

Five, failed to report to the Montgomery County Adult Probation and Parole Department as directed on or about June 11, 2013.

Six, failed to pay fines, costs and restitution as directed.

N.T., 1/23/2014/, at 11–12; Commonwealth Exhibit C-2.

On January 23, 2014, Warriner appeared by video conference for a contested violation of probation (VOP) hearing. At the hearing, Kauffman testified that Warriner had been advised by other probation officers of the rules and regulations of his probation, and she had reviewed the same rules and regulations with him during supervision. Kauffman then read into the record the notice of violations as set forth above. In addition, through Kauffman's testimony, the Commonwealth introduced, *inter alia*, the

following documents: (1) Warriner's July 19, 2012, signed admission, following urine testing, to using morphine; (2) Warriner's October 9, 2012, signed admission, following urine testing, to using Percocet; and (3) a laboratory report of a urine sample taken from Warriner, dated April 12, 2012, that reflected a positive result for the presence of opiates.[2] Kauffman also identified two additional documents as statements from the Montgomery County Clerk of Courts, showing the amounts due on fines and costs for the docket numbers at issue in the VOP hearing, including this case, and these documents were admitted by the trial court.[3] Kauffman further testified that Warriner did not ask permission to use a prescription pill, as required under the rules and regulations of his probation.

Warriner chose to testify in his own behalf. He admitted that the drugs for which he had tested positive had been obtained "on the street because my probation officer does not want me to take narcotics even with a doctor's note." N.T., 1/23/2014, at 21–22. Warriner testified he had a physical condition for which he took the medication, specifically, that he was "an ice hockey player [and] I blew out both of my knees, left and right, when I was 17 and 18." *Id.* at 22. Warriner also admitted that he received

---

[2] *See* N.T., 1/23/2014, at 12–13; *see also* Commonwealth Exhibit C-3, C-4, and C-5, respectively.

[3] *See* N.T., *supra*, at 14–15; *see also* Commonwealth Exhibit C-6 and C-7.

Percocet when he went to the hospital for treatment of a "recently blown out
[] right meniscus,"[4] and that he took that medication. **See id.** at 22–23. He
also acknowledged that he "blew hot urines" because "when I'm in a lot of
pain I drug. I have no other option." On cross examination, Warriner
admitted he never received permission from his probation officers to use the
prescription medications.

The trial court, after hearing the arguments of counsel, found Warriner
in violation of probation and revoked probation at both docket numbers.
The court then permitted Warriner to exercise his right of allocution.
Following Warriner's statement to the court, the court ordered Warriner to
pay fifty percent of his fines and costs at both docket numbers, and
exonerated the remaining fifty percent. The court then sentenced Warriner
as stated above, explaining that that his violations were "serious enough to
revoke probation[.]" **Id.** at 34.

On February 4, 2014, Warriner filed a *pro se* notice of appeal.[5]
Appellate counsel then entered his appearance on behalf of Warriner on

---

[4] N.T., **supra**, at 22.

[5] As discussed, the VOP hearing involved two criminal docket numbers, CR-0272-2011, and CR-2572-2008. After finding Warriner in violation of probation, the court revoked probation at both docket numbers. At CR-0272-2011, the court imposed two years' probation, consecutive to the sentence of time served to 12 month's county imprisonment imposed at CR-2572-2008. **See** N.T., **supra**, at 40–41. This appeal only involves CR-2572-2008.

February 25, 2014. In addition, on February 25, 2014, in response to the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, counsel advised the court he would be filing an **Anders** brief. **See** Pa.R.A.P. 1925(c)(4).

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349, 361 (Pa. 2009). The brief must:
>
> (1)    provide a summary of the procedural history and facts, with citations to the record;
>
> (2)    refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)    set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to the appellant. Attending the brief must be a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the

- 7 -

> *Anders* brief." *Commonwealth v. Nischan*, 2007 PA Super
> 199, 928 A.2d 349, 353 (Pa. Super. 2007); *see*
> *Commonwealth v. Daniels*, 2010 PA Super 112, 999 A.2d 590,
> 594 (Pa. Super. 2010); *Commonwealth v. Millisock*, 2005 PA
> Super 147, 873 A.2d 748, 751-52 (Pa. Super. 2005).

*Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014).

Here, our review of the record reveals counsel has complied with the requirements for withdrawal. Specifically, counsel filed a petition for leave to withdraw, in which he states his belief that the appeal is frivolous, filed an *Anders* brief pursuant to the dictates of *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), and has provided a copy of the letter he mailed to Warriner, advising him of his right to retain new counsel or proceed *pro se*. The letter to Warriner also reflects counsel's enclosure of a copy of the *Anders* brief.[6] Moreover, our review of the record reveals no additional correspondence from Warriner. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

In an appeal from a probation revocation sentence, our review is limited to a consideration of the validity of the revocation proceedings, and the legality and discretionary aspects of the sentence imposed following revocation. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-1034 (Pa. Super. 2013) (*en banc*). The issue identified in the *Anders* brief is a

_____

[6] *See* Letter to Warriner from Timothy Wile, Esquire, 6/4/2014, attached as Exhibit A to the Petition for Leave to Withdraw as Counsel, filed 6/5/2014.

challenge to the sufficiency of the evidence supporting the revocation of

Warriner's probation.

> "A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court." **Commonwealth v. Perreault**, 2007 PA Super 214, 930 A.2d 553, 558 (Pa. Super. 2007) (citations and internal quotations omitted).

> "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Id**. "When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation." **Commonwealth v. Allshouse**, 2011 PA Super 192, 33 A.3d 31, 37 (Pa. Super. 2011) (quotation marks and citations omitted). "[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.]" **Commonwealth v. Ortega**, 2010 PA Super 87, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and internal quotations omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." **Id**.

**Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa. Super. 2014).

Here, Warriner's probation officer, Kauffman, in reading the notice of violations into the record, stated that Warriner had admitted to her that he slapped his live-in girlfriend, resulting in his girlfriend suffering a black eye. Furthermore, Kauffman testified regarding Warriner's admission to her that he had been prescribed Percocet and had consumed the medication. In addition, Kauffman confirmed that Warriner had signed separate admissions, dated July 19, 2012, and October 9, 2012, of his use of opiates, following urine testing. Finally, Kauffman stated that Warriner never requested or was given permission to use the medication that he consumed, and Warriner conceded this fact on cross examination.

In this Commonwealth, a probationer's admissions to his probation officer that he violated the terms of his probation constitutes sufficient evidence upon which to base a finding that the probationer in fact violated the terms of his probation. *See Commonwealth v. Perreault*, 930 A.2d 553, 558–559 (Pa. Super. 2007) (finding defendant's own out-of-court admissions, which were clearly admissible at the hearing, proved by a preponderance of the evidence that he violated the terms of his probation), *appeal denied*, 945 A.2d 169 (Pa. 2008). On this record, we conclude there was sufficient evidence concerning the first three alleged violations for the trial court to find that Warriner had violated probation, and that "the conduct of [Warriner] indicates that probation has not been effective to

accomplish rehabilitation, nor a sufficient deterrent against future antisocial conduct."[7, 8] *See Commonwealth v. Simmons*, 56 A.3d 1280 (Pa. Super. 2012) (finding sufficient evidence to support the revocation of defendant's probation where his threats constituted assaultive behavior), *affirmed*, 91 A.3d 102 (Pa. 2014), *cert. denied*, 135 S. Ct. 366 (U.S. 2014); *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007) (acknowledging "technical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform").

Accordingly, because we agree with counsel's assessment that Warriner's appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[7] N.T., 1/23/2014, at 34.

[8] Counsel, in the *Anders* brief, posits that the final three violations alleged in the notice of violations were not supported by sufficient evidence. However, since we have determined that the evidence of record concerning the first three violations provided a sufficient basis for the trial judge to revoke Warriner's probation and to conclude that probation was no longer a viable rehabilitative tool, we need not address the remaining alleged violations.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2015