J-A15034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAUNTAE DAMAR JEFFRIES | : | |
| | : | |
| Appellant | : | No. 1100 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 3, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005079-2021

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: OCTOBER 7, 2025**

Chauntae Damar Jeffries appeals[1] from the July 3, 2024 judgment of sentence of 6 to 12 months' imprisonment imposed after he pled guilty to one count of retail theft.[2]  On appeal, Appellant contends that the trial court erred in dismissing his post-sentence motion as untimely and challenges the legality of his sentence based upon the trial court's failure to award him 172 days credit for time-served while under a detainer in York County.   Because

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although Appellant purports to appeal from the trial court's July 25, 2024 order denying his post-sentence motion as untimely, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (**en banc**), **appeal denied**, 800 A.2d 932 (Pa. 2002).

[2] 18 Pa.C.S.A. § 3929(a)(3).

Appellant is no longer serving his sentence in this case, we dismiss this appeal as moot.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  Appellant was arrested on September 15, 2021 in York County for retail theft.  At the time of Appellant's arrest, he was serving probation in Westmoreland County for a crime that occurred in 2017.  Following this arrest, Appellant spent one day in the York County prison before posting bail.  On October 29, 2021, York County issued a bench warrant against Appellant because he failed to appear at the preliminary hearing for retail theft.  On April 18, 2022, Appellant was charged for retail theft in Mercer County.  Westmoreland County filed an amended motion to revoke the Appellant's probation on May 17, 2022.

Thereafter, Appellant was arrested on October 26, 2023 in Allegheny County for another retail theft that occurred in August 2023.  Appellant was held in connection with this arrest in the Allegheny County jail.  Following this arrest, York County's bench warrant served as a detainer.  In November 2023, Appellant was again arrested in Allegheny County in connection with yet another retail theft charge.  On November 28, 2023, Westmoreland County vacated its bench warrant and remanded Appellant pending the resolution of the charges in York, Allegheny, and Mercer counties. The two Allegheny County retail theft charges were resolved on January 23, 2024, through the Allegheny County "Phoenix Program."   Westmoreland County ultimately

elected not to revoke Appellant's probation and closed its interest in this matter. As noted, on July 3, 2024, Appellant pled guilty to retail theft in the York County matter and was sentenced to 6 to 12 months' imprisonment.

On July 15, 2024, Appellant's counsel filed a post-sentence motion on his behalf in the PACFile e-file system, and attached the trial court's order to the motion as an exhibit. The York County Clerk of Courts rejected Appellant's post-sentence motion because the order was not incorporated into the motion itself and a certificate of service was not attached. Appellant ultimately filed a post-sentence motion in the proper format on July 19, 2024, past the 10-day deadline. **See** Pa.R.Crim.P. 720(1) ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). Therein, Appellant argued that he was entitled to 172 days credit for time-served in other Counties while under a detainer in York County. **See** Post Sentence Motion, 7/19/24 at 4-5.

As noted, the trial court denied Appellant's post-sentence motion as untimely on July 25, 2024. On July 26, 2024, Appellant filed a petition to have his post-sentence motion considered ***nunc pro tunc***. The trial court denied Appellant's request on July 30, 2024. This timely appeal followed on August 1, 2024.[3]

Appellant raises the following issues for our review:

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

1.    Whether the [trial court] erred finding Appellant's post-sentence motions as untimely when the York County Clerk of Court[s] refused to accept [Appellant's] post-sentence motion due to purported formatting deficiencies[?]

2.    Whether [Appellant] is entitled to credit time for time spent incarcerated in other County jails while under a detainer in York County?

Appellant's brief at 4.

Preliminarily, we note that Commonwealth indicates in its brief that is agrees with Appellant that the trial court improperly denied Appellant's post-sentence motion as untimely. **See** Commonwealth's brief at 4, n.1. Nonetheless, to the extent Appellant challenges the imposition of time-credit, we find that this claim is moot.

A claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence. **Commonwealth v. Tobin**, 89 A.3d 663, 669 (Pa.Super. 2014). "A claim challenging the legality of sentence is appealable as of right." **Commonwealth v. Clark**, 885 A.2d 1030, 1032 (Pa.Super. 2005). "Our standard of review over such questions is **de novo** and the scope of review is plenary." **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa.Super. 2018) (citation omitted).

Here, the record reflects that Appellant was sentenced on July 3, 2024 to 6 to 12 months' imprisonment. Following the trial court's denial of Appellant's petition for **nunc pro tunc** consideration of his post-sentence motion – on July 30, 2024 – the trial court ordered Appellant to report to the

York County Prison on **Friday, August 2, 2024**. *See* order, 7/30/24 at ¶ 3 (emphasis added). On August 1, 2024, Appellant filed a notice of appeal and petition to delay his incarceration while his appeal was pending. The trial court denied Appellant's petition on August 5, 2024. Appellant failed to appear at the York County Prison on August 2, 2024 as ordered, and following the issuance of a bench warrant, he ultimately began serving his sentence on or around September 6, 2024. According to the York County docket, Appellant completed serving his sentence and was released from custody on March 14, 2025.

This Court has long recognized that where an appellant has completed serving his sentence, he is no longer subject to any direct criminal consequences and any challenge to the sentence imposed is moot and incapable of review. *Commonwealth v. Schmohl*, 975 A.2d 1144, 1149 (Pa.Super. 2009) (stating, "[u]nder Pennsylvania law, if Appellant completed the aggregate maximum term of imprisonment while his appeal was pending, he would not be subjected to any direct criminal consequences and his challenge to the legality of his sentence ... would be moot and incapable of review."); *see also Commonwealth v. King*, 786 A.2d 993, 996–997 (Pa.Super. 2001) (holding that a defendant's challenge to the legality of his sentence was moot where the sentence imposed had already been served and there were no criminal or civil consequences), *appeal denied*, 812 A.2d

1228 (Pa. 2002). As a result, Appellant's claims on appeal are moot and incapable of review.[4, 5]

Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/07/2025</u>

---

[4] Although there are several exceptions to the mootness doctrine, none apply to this case. Specifically,

> [t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

**Commonwealth v. Nava**, 966 A.2d 630, 633 (Pa.Super. 2009) (citation omitted).

[5] However, the legality of an expired sentence may be attacked where there continues to be collateral consequences. **See**, **e.g.**, **Commonwealth v. Carter**, 523 A.2d 779, 781 (Pa.Super. 1987) (refusing to find an appellant's challenge to his probation revocation moot because his poor performance on supervision could potentially show up on future pre-sentence investigation reports). Here, Appellant only challenges the award of time credit in this case, which has no bearing on future sentences. He does not argue that he may continue to suffer collateral consequences, either civil or criminal, that will continue to affect him.