408 Pa. Superior Ct. 68 (1991)
596 A.2d 195
COMMONWEALTH of Pennsylvania
v.
Gregory HAYES aka Nasir S. Nassardeen, Appellant.
Superior Court of Pennsylvania.
Argued April 9, 1991.
Filed August 21, 1991.
Maryann F. Swift, Philadelphia, for appellant.
*69 Sheilann P. Hewitt, Asst. Dist. Atty., Philadelphia, for Com.
Before ROWLEY, President Judge and CAVANAUGH, CIRILLO, OLSZEWSKI, MONTEMURO, BECK, TAMILIA, POPOVICH and HUDOCK, JJ.
BECK, Judge:
The issue before the en banc court is whether the interpretation of the Post Conviction Relief Act (PCRA)[1] announced by this court in Commonwealth v. Pierce, 397 Pa.Super. 126, 579 A.2d 963 (1990), should be overruled. Upon a complete review of the PCRA, we hold that under section 9543(a) of the PCRA the Pennsylvania legislature clearly provided that individuals must be presently serving a sentence of imprisonment, probation or parole at the time they file a PCRA petition in order to be eligible for relief. We therefore conclude Pierce was correctly decided. In the instant case we find that the trial court properly dismissed appellant's petition because appellant had fully served his sentence of probation prior to filing for PCRA relief.
The factual background in this case is as follows. On July 18, 1982, appellant Gregory Hayes a/k/a Errol Vincent McIntosh a/k/a Nasir Nasserdeen, was arrested and charged with Theft by Receiving Stolen Property[2] and Unauthorized Use of an Automobile.[3] Appellant was tried before a judge and found guilty on both charges. The judge thereafter sentenced appellant to concurrent probationary periods of three years and two years, for the two respective convictions. Appellant filed no direct appeal.
On October 6, 1989, while serving a sentence of imprisonment in New Jersey on an unrelated conviction, appellant filed a PCRA petition in Pennsylvania challenging the validity of his previous 1982 convictions. In his petition, appellant *70 alleged that his counsel for the 1982 bench trial was ineffective. Appellant filed the PCRA petition more than six years after his conviction and more than three years after completing his sentence of probation. He asserted the PCRA challenge was proper because the New Jersey court took appellant's 1982 Pennsylvania conviction into consideration and as a result imposed an extended sentence.
The trial court dismissed appellant's PCRA petition noting that appellant was ineligible for post conviction relief pursuant to 42 Pa.C.S.A. § 9543(a)(1), because appellant was not "currently serving a sentence of imprisonment, probation or parole." Appellant appealed to this court and appellate counsel was appointed.
Appellant's appointed counsel thereafter filed a Turner/Finley brief.[4] After a thorough review of the record and the applicable law, appellant's counsel concluded that appellant's petition for post conviction relief was without merit. She therefore requested leave to withdraw. As a result of counsel's Turner/Finley brief, appellant filed a petition requesting the appointment of new appellate counsel. A three member panel of this court denied appellant's request for new counsel, but granted appellant thirty days in which to file a pro se brief. The Superior Court panel then referred this matter en banc for consideration of the *71 continued validity of Commonwealth v. Pierce, 397 Pa.Super. 126, 579 A.2d 963.[5]
Our analysis is as follows. We begin with a consideration of the statutory language, and stress that our interpretation and construction of the PCRA is directed towards determining and properly effectuating the intention of the legislature. 1 Pa.C.S.A. § 1921(a) (1972).
Section 9543(a) of the PCRA establishes the requirements for eligibility for post conviction relief. The relevant language provides:
(a) General rule  To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence ...:
(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:
(i) currently serving a sentence of imprisonment, probation or parole for the crime.
42 Pa.C.S.A. § 9543(a)(1).
In this case, we are required to determine whether the language, "currently serving a sentence," precludes relief for those persons who suffer collateral criminal consequences due to the prior conviction but who have completed their sentence for the prior conviction. The Pierce panel previously held that the words "currently serving" clearly express the legislature's intent to "limit [post-conviction] relief [under the PCRA] to those petitioners whose sentences have not expired and to preclude relief for those whose sentences have expired, regardless of collateral consequences." Pierce, 397 Pa.Super. at 131, 579 A.2d at 966 (emphasis added). Our research has revealed no other Pennsylvania appellate court decision that has addressed this issue.
As noted by the Pierce panel, the legislative history explaining the background and intent of the PCRA is very limited. Pierce, 397 Pa.Super. at 129, 579 A.2d at 964; see *72 also Legislative Journal  House, (February 24, 1988) at 324. Therefore, to aid in our interpretation and construction of the PCRA and to determine the legislature's intent, we examine the prior statute and case law addressing this issue. 1 Pa.C.S.A. § 1921(c) (1972).
The PCRA, which became effective in 1988, is a complete amendment to the prior post conviction relief statute: the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. § 9541 et seq. (1982), amended by 42 Pa.C.S.A. § 9541 et seq. (1988). A review of the modifications and amendments to the PCHA shows that almost the entire statutory language of the PCHA was stricken and replaced by new language in the PCRA. See 1988 Pa.Legis.Serv. 229-232, Act 47 (June 1988).
As compared to the PCRA, the PCHA eligibility subsection required the petitioner to prove "[t]hat he is incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation." 42 Pa.C.S.A. § 9543, amended by 42 Pa.C.S.A. § 9543 (1988). Our supreme court and this court interpreted this PCHA language as permitting a collateral attack upon a prior conviction where the prior criminal sentence may directly affect any subsequent criminal prosecution or conviction. Commonwealth v. Carter, 362 Pa.Super. 70, 73, 523 A.2d 779, 780 (1987) (citing Commonwealth v. Rohde, 485 Pa. 404, 402 A.2d 1025 (1979); Commonwealth v. Doria, 468 Pa. 534, 364 A.2d 322 (1976)); see also Commonwealth v. Sheehan, 446 Pa. 35, 285 A.2d 465 (1971); Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, 218 A.2d 233 (1966); Commonwealth v. Markley, 348 Pa.Super. 194, 501 A.2d 1137 (1985).
The development of this "collateral criminal consequences" rule was based upon an interpretation of habeas corpus law, the language of the PCHA, see Ulmer, 421 Pa. at 43-44, 218 A.2d at 234; Sheehan, 446 Pa. at 38-41, 285 A.2d at 466-67, and upon a series of United States Supreme Court decisions addressing the issue of mootness. See Sheehan, 446 Pa. at 42-43 n. 8 & 9, 285 A.2d at 469 n. 8 & 9. It was, however, in Commonwealth v. Sheehan, 446 Pa. *73 35, 285 A.2d 465, that the Pennsylvania Supreme Court first enunciated the "collateral criminal consequences" rule.[6]
In Sheehan, the court addressed a PCHA challenge to a prior, but expired, criminal conviction and sentence. 446 Pa. at 37, 285 A.2d at 466. As an analytic framework the court inquired into whether the petitioner who had served his sentence was raising aquestion that was moot.[7] The Sheehan court first noted that it had previously been held, in Ulmer, that a state habeas corpus challenge to a previously imposed and expired sentence was not moot, "where one could suffer the consequence of having sentences begin and end later than they normally would." Id., 446 Pa. at 42, 285 A.2d at 468-69. In Ulmer, the defendant disputed the extension of his current incarceration because of a prior but expired criminal sentence. Ulmer, 421 Pa. at 42-43, 218 A.2d at 233-34. Stating that Ulmer was not to be limited to its facts, the Sheehan court held that a petitioner under the PCHA could "attack ... a satisfied sentence which is shown to affect directly any subsequent criminal prosecution or conviction." Sheehan, 446 Pa. at 42, 285 A.2d at 469.
*74 In addition to relying on Ulmer, the Sheehan court also interpreted several United States Supreme Court decisions as instructing that "the possibility of either civil or criminal collateral consequences forecloses application of the mootness doctrine." Sheehan, 446 Pa. at 42-43 n. 9, 285 A.2d at 469 n. 9 (citing United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969)). Considering the court's prior holding in Ulmer, and the above cited United States Supreme Court decisions, the Sheehan court enunciated the collateral criminal consequences rule as an exception to the general rule of mootness. Sheehan, 446 Pa. at 42-43, 285 A.2d at 468-69.
In Sheehan the court also addressed the specific language of the PCHA. Acknowledging that the petitioner in Sheehan, whose sentence had already expired, could not facially meet the PCHA eligibility requirement that he "is incarcerated in this Commonwealth," the court nevertheless held that the petitioner was not per se precluded from other post conviction relief. Sheehan, 446 Pa. at 39, 285 A.2d at 467. The court reasoned that the legislature's intent in enacting the PCHA "was not to abolish the common law remedies of habeas corpus and coram nobis, but rather to promulgate an exclusive, well-defined procedure for the presentation of those grievances set forth in the Act by an aggrieved person who is under the duress of punishment." Id.
Referring to the PCHA subsection describing the intended scope of the PCHA, the court decided that because the enactment of the PCHA did not preclude the filing of post conviction relief via a common law writ, the petitioner's PCHA challenge could be treated as a writ of coram nobis. Id., 446 Pa. at 39 n. 5, 41, 285 A.2d at 467 n. 5, 468. Moreover, the mere fact that a petitioner was "not now incarcerated" did not alone bar relief under coram nobis. Id., 446 Pa. at 41, 285 A.2d at 468. Therefore, as a result of *75 the holding in Ulmer and the applicability of the common law writs, the Sheehan court held that an expired criminal sentence was not a bar to an action under the PCHA.
In cases subsequent to Sheehan, the supreme court further extended the applicability of the "collateral criminal consequences" rule under the PCHA. See, e.g., Commonwealth v. Doria, 468 Pa. at 537-42, 364 A.2d at 324-26 (applying the collateral criminal consequences rule where the appellant alleges actual civil consequences due to a prior, completed criminal sentence); Commonwealth v. Rohde, 485 Pa. at 408-09, 402 A.2d at 1027 (applying the collateral criminal consequences rule where the appellant alleges possible future civil consequences resulting from a prior, expired criminal sentence).
Subsequent to the decisions in Ulmer, Sheehan, Doria, and Rohde, the Pennsylvania legislature reconsidered the PCHA, essentially struck the language of the PCHA, and replaced it with the language of the PCRA. Therefore, we must now decide whether the judicially created collateral criminal consequences rule survived under the language of the PCRA. We reiterate that our decision is directly controlled by our determination of the legislature's intent in enacting the PCRA. In the PCRA the legislature deliberately changed the PCHA language and provided that for individuals to be eligible for PCRA relief, they must be "currently serving a sentence of imprisonment, probation, or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i) (1988) (emphasis added). In comparison, under the former PCHA, petitioners must be "incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation." 42 Pa.C.S.A. § 9543(2) (1982), amended by 42 Pa.C.S.A. § 9543(a) (1988).
Since the legislature rewrote the eligibility requirements, our examination of the specific language, in particular the inclusion of the adverb "currently," leads to the conclusion that the legislature intended to limit post conviction relief under the PCRA to individuals who at the time of filing for PCRA relief are serving a sentence of imprisonment, probation *76 or parole for a conviction, regardless of the collateral criminal consequences from the conviction. We are mindful that when construing a statute, the judiciary must interpret general and plain words as having their common and accepted meaning. 1 Pa.C.S.A. § 1903(b); see also Commonwealth v. Mumma, 489 Pa. 547, 552-53, 414 A.2d 1026, 1029 (1980); Fireman's Fund Ins. Co. v. Nationwide Mut. Ins. Co., 317 Pa.Super. 497, 502-03, 464 A.2d 431, 434 (1983). Moreover, "we must assume that the legislature intend[ed] every word of the statute to have effect." Commonwealth v. Driscoll, 485 Pa. 99, 106, 401 A.2d 312, 315 (1979) (citing 1 Pa.C.S.A. § 1922(2) (1978-79)) (emphasis added); Crusco v. Insurance Co. of North America, 292 Pa.Super. 293, 295-99, 437 A.2d 52, 53-54 (1981).
We conclude that the language changes in the PCRA were deliberately made to confront and alter the collateral criminal consequences rule. Therefore, we decline to interject the collateral criminal consequences rule into the PCRA. To do so ignores the legislative intent and the plain meaning of the word changes made in the PCRA.[8]
*77 In addition to narrowing the eligibility standard, as discussed above, the legislature's intentions by enacting the PCRA are further expressed by a limiting of the scope of post conviction collateral relief available to defendants. Section 9542 illustrates this by providing, in part, that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542 (1988) (emphasis added). This statutory language clearly evidences a legislative intent to change the prior decisional law and restrict the scope of collateral post conviction challenges.
In summary, we find that the legislature has clearly modified the eligibility requirements under the PCRA from those that previously existed under the PCHA. Because we find the enactment of the PCRA precludes post conviction relief under the PCRA where the petitioner's sentence of imprisonment, probation or parole has expired prior to filing for relief, we need not address appellant's substantive claims of ineffectiveness of counsel.
We affirm the PCRA court's finding that appellant is not eligible for PCRA relief because appellant had already fully served his sentence of probation at the time he filed his PCRA petition.
Affirmed.
CAVANAUGH, J., files a dissenting opinion.
CIRILLO, J., joins dissenting opinion by CAVANAUGH, J.
CAVANAUGH, Judge, dissenting:
I respectfully dissent from the majority opinion which overrules the doctrine of collateral consequences where the *78 petitioner seeks relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq. and is not currently serving a sentence of imprisonment, probation or parole.[1] The doctrine was first set forth in Commonwealth v. Sheehan, 446 Pa. 35, 285 A.2d 465 (1971) which dealt with the issue of mootness under the Post Conviction Hearing Act, 42 Pa.C.S. § 9541 et seq. then in effect.[2] In Sheehan, the defendant entered a guilty plea to the charge of driving under the influence of intoxicating liquor. After the sentence of a fine was satisfied, he was charged with another similar offense. Subsequently, the defendant filed a PCHA petition with reference to his first conviction. The trial court and this court held that the defendant was ineligible for relief, as at the time he filed the petition he was not incarcerated in Pennsylvania or on parole or probation.[3]
The Supreme Court reversed, holding that:
Merely because one is not incarcerated, on parole or probation does not per se preclude a collateral attack on his convictions.
446 Pa. at 39, 285 A.2d at 467.
The Supreme Court held that the petition was properly filed, even though the defendant's sentence had already been satisfied and he was not incarcerated, as he would be classified as a second offender if his first conviction were *79 allowed to remain in effect. "Such a result presents the possible collateral criminal consequences which preclude application of the general rule of mootness to the collateral attack on appellant's initial conviction." 446 Pa. at 42-43, 285 A.2d at 469.[4]
The court reasoned that the intent of the PCHA was not to abolish the common law remedies of habeas corpus and coram nobis and treated the petition as one for a writ of error coram nobis and "the fact that he is not now incarcerated (or on parole or probation) is not, by itself, a bar to the relief he seeks." 446 Pa. at 41, 285 A.2d at 468.[5]
The collateral consequences rule was extended in Commonwealth v. Doria, 468 Pa. 534, 364 A.2d 322 (1976) to civil consequences where the petitioner alleged that he was forced to resign from his position as Dean of the Vermont Law School as a result of his conviction. The Supreme Court further extended the doctrine of collateral consequences to the situation where the petitioner established only the possibility and not the actuality of social and civil disabilities resulting from his conviction in Commonwealth v. Rohde, 485 Pa. 404, 402 A.2d 1025 (1979). In that case, the petitioner's sentence had been fully served when he filed his PCHA petition. At the time the petition was filed, the petitioner was a law student and he alleged that he anticipated possible difficulties in being admitted to the practice of law in various states.
Under the Post Conviction Hearing Act it was firmly imbedded in our law that incarceration in Pennsylvania was not an essential requirement to a petition under the Act where collateral consequences could be shown. We stated *80 in Commonwealth v. Bruce, 230 Pa.Super. 507, 326 A.2d 628, 629 n. 1 (1974): "The completion of a sentence does not render a case moot against miscellaneous grounds of attack where it appears that as a result of the conviction or sentence the accused continues to suffer legal disadvantages..." In Commonwealth v. Fay, 294 Pa.Super. 332, 439 A.2d 1227 (1982) a petitioner who was incarcerated in federal court was deemed to have filed a valid petition because we treated the petition as a writ of coram nobis. The Supreme Court in Johnson v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Review, 505 Pa. 569, 482 A.2d 235 (1984) held that a petitioner who had been incarcerated for a parole violation and then reparoled when he filed the petition under the PCHA was eligible to file the petition as he alleged that his rights had been violated by the Pennsylvania Board of Probation & Parole.
In Commonwealth v. Markley, 348 Pa.Super. 194, 501 A.2d 1137 (1985) a petitioner who had completed his sentence alleged that his trial counsel was ineffective and that he had been denied a right to appeal. The petitioner identified various social and civil consequences that might attend his conviction for theft by deception and writing a bad check, including his inability to continue a construction business. We held that the appellant's PCHA petition was not moot, and there could be possible adverse consequences to his business and family relationships, and he alleged "that he will suffer serious criminal consequences if he is subsequently convicted of another crime." 348 Pa.Super. at 206, 501 A.2d at 1143. We went so far in Markley, supra, as to hold that a mere possibility that the petitioner might be convicted of another crime in the future raised an issue that was not moot.
Again, a PCHA petition was permitted in Commonwealth v. Berthesi, 350 Pa.Super. 383, 504 A.2d 891 (1986) eight years after the sentence was completed as the issue of the ineffectiveness of trial counsel in not informing the defendant *81 of his right to appeal, was not moot. In Commonwealth v. Carter, 362 Pa.Super. 70, 523 A.2d 779 (1987) the petitioner's sentence was served prior to filing the petition under the PCHA. Since the issue raised in the petition that the court erred when it summarily revoked probation without prior written notice was not moot, we found the petition to be appropriate.[6]
In 1988, the Post Conviction Hearing Act was amended and replaced by the Post Conviction Relief Act. The eligibility requirement to file a petition under the PCRA was changed from "incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation" to "currently serving a sentence of imprisonment, probation or parole for the crime." I am convinced that this change in wording did not have the effect of brushing aside the doctrine of collateral consequences established by the Supreme Court in Commonwealth v. Sheehan, supra, and further expanded by the Supreme Court and our own Court in subsequent decisions. The rule of the Supreme Court in Sheehan, supra, was that a petition under the PCHA could not be precluded per se because the petitioner was not incarcerated at the time the petition was filed when collateral issues were not moot.
History demonstrates that the legacy of a wrongful conviction may include consequences of substantial prejudice to the economic, social and liberty interests of the victim of an illicit conviction.
The present post-conviction act has, in my view, incorporated the Sheehan line of supreme court cases where it *82 states in its provision explaining the scope of the Act, 42 Pa.C.S.A. § 9542, that the act is the sole means of collateral relief and "encompasses" all other common law and statutory remedies that existed when the statute took effect including habeas corpus and coram nobis.
I conclude that though the high incidence of post-conviction cases represents a somewhat onerous burden for our busy courts, that there was no intention in the new legislation to close the door of the courthouse to a victim who may be suffering grave consequences from an improperly obtained conviction.
The majority opinion has adopted a per se rule that the petitioner must be "currently" serving a sentence of imprisonment, probation or parole in order to seek relief, notwithstanding any collateral consequences from his sentence, and this is exactly the type of per se rule that was prohibited by Sheehan and its progeny.
Accordingly, I respectfully dissent.
CIRILLO, J., joins dissenting opinion by CAVANAUGH, J.
NOTES
[1] 42 Pa.C.S.A. § 9541 et seq. (1988).
[2] 18 Pa.C.S.A. § 3925 (1972).
[3] 18 Pa.C.S.A. § 3928 (1972).
[4] A "Turner/Finley brief" refers to the brief counsel is required to file pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 379 Pa.Super. 390, 550 A.2d 213 (1988), when requesting leave to withdraw from collateral proceedings relating to a defendant's case. As provided for by Turner and Finley, counsel will be permitted to withdraw if, after separate and independent review of the issues raised by defendant's collateral petition, both counsel and the court conclude defendant's issues are meritless. Counsel must first file a brief or "no-merit" letter describing in detail the nature and extent of the independent review undertaken by counsel, listing each issue the defendant is raising for collateral review, and explaining why the defendant's issues are meritless. The Turner/Finley brief may be filed with either the trial court or the appellate court. If it is filed in the trial court and the court determines that the issues raised are without merit, then counsel will usually be permitted to withdraw, and the defendant can appeal with privately retained counsel or pro se. Finley, 379 Pa.Super. at 393-94, 550 A.2d at 215.
[5] By Per Curiam Order dated March 8, 1991, this en banc panel denied the request by appellant's counsel for leave to withdraw.
[6] In Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, 218 A.2d 233, a case decided five years before Sheehan and prior to the enactment of the PCHA, the Pennsylvania Supreme Court held that a habeas corpus petition challenging an expired prior sentence was not moot because the petitioner's subsequent sentences could be extended as a result of the prior expired sentence.
[7] The Sheehan court carved out an exception to the general doctrine of mootness. The mootness doctrine describes the general rule that a court will not adjudicate a matter where there is no subject matter upon which a judgment of the court can be effective. Commonwealth v. Garner, 204 Pa.Super. 227, 230, 203 A.2d 333, 335 (1964). With respect to habeas corpus petitions, because the judicial relief requested in such a petition is release from imprisonment, if the petitioner is not restrained from liberty, then the court has no factual basis upon which to grant and enforce the writ. Commonwealth v. Smith, 336 Pa.Super. 636, 640-42, 486 A.2d 445, 448 (1984). The mootness doctrine has also been described as being based upon the well-settled rule that an actual case or controversy must exist at each stage of judicial review. In re Gross, 476 Pa. 203, 209, 382 A.2d 116, 119 (1978); Annotation, When Criminal Case Becomes Moot So As To Preclude Review of or Attack On Conviction or Sentence, 9 A.L.R.3d 462, 470 (1970).
[8] In support of our position, we note that the Pennsylvania Supreme Court's reliance on Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), in Sheehan, Doria, and Rohde has been undermined by Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). As noted supra, our supreme court cited Carafas for the proposition that challenges to a prior expired sentence are not moot where possible collateral consequences may result. Sheehan, 446 Pa. at 42-43 n. 9, 285 A.2d at 469 n. 9. However, the United States Supreme Court in Maleng explained Carafas. Maleng, 490 U.S. at 489-90, 109 S.Ct. at 1924-25, 104 L.Ed.2d at 544. The Maleng Court emphasized that, "[w]e have never held ... that a habeas petitioner may be `in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, our decision in Carafas v. LaVallee, ... strongly implies the contrary." Maleng, 490 U.S. at 491, 109 S.Ct. at 1925, 104 L.Ed.2d at 545 (emphasis in the original).

We also note that appellant argues the Pierce court improperly relied on Maleng v. Cook, because the Pennsylvania legislature enacted the PCRA prior to Maleng, and therefore the legislature could not have known of the holding and analysis in Maleng. We find appellant's argument unpersuasive. As described above, and in Pierce, the Pennsylvania legislature has clearly expressed its intent regarding eligibility for PCRA relief with the enactment of the PCRA. Reference to and reliance on federal habeas corpus case law, like Maleng, is unnecessary for our conclusion and was unnecessary for the conclusion in Pierce.
[1] The Post Conviction Relief Act at § 9543(a) provides in relevant part:

§ 9543. Eligibility for relief
(a) General rule.  To be eligible for relief under this subchapter, a person must plead and prove by a preponderance of the evidence all of the following:
(1) That the person has been convicted of a crime under the laws of this Commonwealth and is:
(i) is currently serving a sentence of imprisonment, probation or parole for the crime;
[2] The Post Conviction Hearing Act was amended by the Post Conviction Relief Act in 1988, 42 Pa.C.S. § 9541 et seq.
[3] The Post Conviction Hearing Act, 42 Pa.C.S. § 9543(2), then in effect, provided that in order to be eligible for relief, inter alia, the petitioner must be:

incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation.
[4] The general or traditional rule that the court referred to was that satisfaction of the contested sentence per se renders the case moot.
[5] In the case sub judice, the petitioner alleged that there were collateral consequences resulting from his conviction in Pennsylvania, as a New Jersey Court took into consideration his prior conviction in Pennsylvania and imposed a more severe sentence as a result. We note also that counsel, on appeal, presented no arguments in the brief or at oral argument before the Court en banc at Westmoreland County on April 9, 1991 that would have assisted petitioner.
[6] Post conviction relief is available in the federal system under 28 U.S.C. § 2255 where a person is in custody under sentence which is subject to "collateral attack." United States v. Stimac, 684 F.Supp. 545 (N.D.Ill.1988). Since United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) a writ of coram nobis has been available where the petitioner is not in custody and the sentence fully served if collateral consequences persist. See, United States v. Bruno, 903 F.2d 393 (5th Cir.1990); United States v. Dellinger, 657 F.2d 140 (7th Cir. 1981).