J-A18044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONNELL CORTHROY GREENE, | : | |
| | : | |
| Appellant | : | No. 2055 MDA 2014 |

Appeal from the PCRA Order entered on November 8, 2014
in the Court of Common Pleas of Lebanon County,
Criminal Division, No(s): CP-38-CR-0000977-2011;
CP-38-CR-0000980-2011

BEFORE: FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                                      **FILED JULY 29, 2015**

Donnell Corthroy Greene ("Greene"), *pro se*, appeals from the Order

denying his Petition for Relief filed pursuant to the Post Conviction Relief Act

("PCRA").[1] We reverse and remand for further proceedings.

In its Opinion, the PCRA court summarized the history giving rise to

the instant appeal as follows:

> On June 11, 2011, officers stopped Greene for speeding.
> Detecting marijuana, the officers requested Greene to step out
> of the vehicle. He complied, but when the officer walked back to
> his car, Greene re-entered his vehicle and fled at high speed.
> Losing control, [Greene's vehicle] entered the opposing lane of
> traffic and struck a pickup truck. Though he tried to flee on foot,
> Greene was apprehended. A subsequent search of his vehicle
> yielded over 53 grams of heroin and 344.4 grams of cocaine.
>
> On or about August 9, 2011, Greene was charged with
> Possession with Intent to Deliver (1) heroin and (2) cocaine[,]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

and with Possession of (3) cocaine and (4) heroin. He was also charged with (1) Aggravated Assault by Vehicle while Driving Under the Influence, (2) Fleeing and Eluding, (3) Reckless Endangerment, (4) Resisting Arrest, (5) causing an Accident Damaging Property, and (6) Driving Under the Influence of a Controlled Substance. These two cases were consolidated, and Greene pled guilty to all ten counts. Via his written and verbal guilty pleas, Greene acknowledged that he understood his plea agreement and requested that [the trial court] accept and apply it. Finding that the plea was knowing and voluntary, [the trial court] accepted it and[, on November 9, 2011,] sentenced him to an aggregate of five and one-half to 14 years in a State Correctional Facility.

On June 17, 2014, Greene filed a boilerplate Petition for *Habeas Corpus* Relief based upon **Alleyne v. United States**, 133 S. Ct. 2151 (2013). His Petition was obviously prepared by someone else for an unrelated case. Greene filled in his name in various blanks without providing case-specific arguments. Since the Petition was difficult to understand, [the PCRA court] appointed Erin Zimmerer, Esq. ["Attorney Zimmerer"], to represent Greene and directed counsel to file an Amended [PCRA] Petition. [Attorney] Zimmerer explained to Greene that his [P]etition was meritless and not timely. According to Attorney Zimmerer's Motion [to Withdraw Greene's PCRA Petition,] … Greene stated that he understood this and understood that counsel would be withdrawing his Petition.

However, Greene, acting *pro se*, [filed a Motion to] reinstate[] his Petition on October 6th, claiming that he understood only that [Attorney] Zimmerer was withdrawing from representation, but not that she would be withdrawing his [P]etition. Even if the [PCRA] does not apply, Greene argue[d], he should be afforded relief "under *habeas corpus* an[d] practices contrary to Federal law[, which] are not encumbered by time limits or procedural defaults…." …

On October 7th, [the PCRA court] entered an Order denying Greene's Motion to Reinstate, again noting that his Petition was both untimely and without merit. On October 29, [2014,] Greene[, *pro se*,] filed a Motion to Correct and/or Modify Illegal Sentence ….

PCRA Court Opinion, 1/5/15, at 3-5. The PCRA court denied Greene's Motion on November 4, 2014. Thereafter, Greene filed the instant appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

Greene now presents the following issues for our review:

A. Whether the sentence in this case is illegal and violates the Sixth Amendment to the United States Constitution because the sentencing [j]udge relied upon conduct not found by a [j]ury or admitted in a plea[?]

B. Whether the Petition in this case was timely filed pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii)?

C. Whether under **Teague v. Lane**, 489 U.S. 288 (1989) and its progeny[,] the United States Supreme Court's decision in **Alleyne v. United States**, 133 U.S. 2151 (2013) should be applied retroactively?

D. Whether the [a]pplication of the [m]andatory provision in sentencing, now determined to be unconstitutional, vitiates timeliness and due diligence as bars to the relief sought?

E. Whether having declared the mandatory provision relied upon herein illegal, allowing [Greene] to continue to suffer that sentence[,] constitutes cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution?

Brief for Appellant at 3. Before addressing Greene's claims, we first must address the procedural posture of the instant appeal.

As noted above, Greene filed his first PCRA Petition *pro se*. The PCRA court properly appointed counsel, as this was Greene's first PCRA Petition. **See** Pa.R.Crim.P. 904(A) (providing that where an unrepresented defendant satisfies the court he is indigent, the judge shall appoint counsel to

- 3 -

represent the defendant on a first petition for PCRA relief); ***Commonwealth v. Padden***, 783 A.2d 299, 308 (Pa. Super. 2001) (stating that a first-time *pro* se petitioner under the PCRA is entitled to the benefit of the assistance of counsel to help identify and properly present potentially meritorious issues for the trial court's consideration). Upon review, Attorney Zimmerer concluded that Greene's PCRA Petition lacked merit. Motion to Withdraw PCRA Petition, 8/4/14, at ¶ 4. Rather than petitioning to withdraw from representation, in accordance with ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), counsel filed a Petition to Withdraw Greene's PCRA Petition, which the PCRA court granted.

As this Court has long held, "a criminal defendant has a right to representation of counsel *for purposes of litigating a first PCRA petition through the entire appellate process.*" ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (emphasis added). "When, in the exercise of [her] professional judgment, counsel determines that the issues raised under the [PCRA] are meritless, and when the [PCRA] court concurs, counsel will be permitted to withdraw and the petitioner may proceed *pro se*, or by privately retained counsel, or not at all." ***Turner***, 544 A.2d at 928-29.[2] However, when requesting leave to withdraw, PCRA counsel must first file a document pursuant to the requirements of ***Turner***

---

[2] ***Turner*** addressed the procedure for withdrawing as counsel under the Post Conviction Hearing Act, the precursor to the PCRA.

J-A18044-15

and *Finley*. *Commonwealth v. Hayes*, 596 A.2d 195, 196 n.4 (Pa. Super. 1991) (*en banc*).[3]

Although Attorney Zimmerer believed that Greene's *pro se* PCRA Petition lacked merit, she failed to comply with the dictates of *Turner* and *Finley* for withdrawing from representation. The PCRA court granted counsel's Petition, rather than directing counsel to comply with *Turner*, *Finley*, and their progeny, thereby precluding Greene from "litigating" his first PCRA Petition. Since that time, Greene has Petitioned for the reinstatement of his *pro se* PCRA Petition, and filed a Motion to Correct and/or Modify Illegal Sentence, both of which were denied without the appointment of counsel.[4]

Under these circumstances, Greene's Motion to Correct and/or Modify Illegal Sentence should have been considered a Petition for PCRA relief. *See* 42 Pa.C.S.A. § 9542 (stating that the PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose). Even though this Petition is facially

---

[3] This *Turner/Finley* filing consists of either a brief or a "no-merit" letter which describes in detail the nature and extent of the independent review undertaken by counsel, lists each issue raised under the PCRA, and explains why the claims are without merit. *Id*. The "*Turner/Finley*" brief may be filed with either the PCRA court or with the appellate court. *Id*. The petitioner is then free to proceed *pro se*, by privately retained counsel, or not at all. *Commonwealth v. Dukeman*, 605 A.2d at 419 (citing *Turner*, *supra*). *Accord Hayes*, 596 A.2d at 196 n.4.

[4] We additionally note that the PCRA court did not provide notice of its intention to dismiss the Petition without a hearing, as required by Pa.R.Crim.P. 907.

- 5 -

untimely, the record reflects that Greene has not yet "litigated" a first petition for PCRA relief. Accordingly, he is entitled to representation.

We therefore reverse the Order of the PCRA court, and remand for the appointment of counsel and further proceedings as necessary.

Order reversed. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2015