J-S13030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHELLE A. HARDY | |
| Appellant | No. 2704 EDA 2016 |

Appeal from the PCRA Order July 19, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002199-1998
CP-15-CR-0002828-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED APRIL 27, 2017**

Michelle Hardy appeals from the order, entered in the Court of Common Pleas of Chester County, denying her petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46, ("PCRA").  We affirm.

On November 20, 2015, Hardy entered a negotiated guilty plea to one count of harassment, 18 Pa.C.S.A. § 2709(a)(4), at docket number CP-15-CR-0002828-2015. The court sentenced Hardy to one to nine months' incarceration, with credit for time served.  The court immediately paroled Hardy, and on December 7, 2015, she submitted a *pro se* filing and, after consultation with the public defender representing her, clarified that she

_____

[*] Former Justice specially assigned to the Superior Court.

intended to file a PCRA petition. The court appointed counsel, who subsequently sought to withdraw. The court denied counsel's request to withdraw on May 12, 2016, and held a hearing on July 18, 2016. Following the PCRA hearing, on July 19, 2016, the court denied Hardy's PCRA petition. Hardy filed a timely notice of appeal, and the PCRA court ordered counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 31, 2016, PCRA counsel filed a second petition to withdraw, which was denied, and counsel thereafter filed a Rule 1925(b) statement. On appeal, Hardy raises two issues:

1. Trial counsel failed to investigate and utilize statements of potential witnesses whose testimony would have benefited [Hardy];

2. Whether [Hardy] was prevented from making informed, intelligent decisions about her case because of the medication she was taking at the time she entered her plea.

Appellant's Brief, at 3.

"[T]o be eligible for relief under the PCRA, the petitioner must be *currently serving a sentence of imprisonment, probation or parole for the crime*." *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006), citing 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." *Hart*, 911 A.2d at 942. Here, the maximum sentence for Hardy's harassment

conviction expired on July 6, 2016. Thus, she is no longer subject to any form of punishment for the underlying offense.

In addition, this Court has held that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of ongoing consequences for other offenses. *See Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997); *see also Commonwealth v. Hayes*, 596 A.2d 195 (Pa. Super. 1991) (en banc) ("Since the legislature rewrote the eligibility requirements, our examination of the specific language, in particular the inclusion of the adverb `currently' leads to the conclusion that the legislature intended to limit post conviction relief under the PCRA to individuals who . . . *are serving a sentence of imprisonment, probation or parole for a conviction, regardless of the collateral criminal consequences from the conviction*.") (emphasis added); *see also Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). Hardy is no longer in custody or on probation or parole for the conviction challenged in her petition. Therefore, she is not eligible for PCRA relief.

Order affirmed.[1]

_____

[1] We note that the caption reflects two docket numbers, No. 15-CR-0002828-2015, which pertains to the harassment conviction before us, and No. 15-CR-0002199-1998, a prior case wherein Hardy was convicted of killing her ex-boyfriend. Out of an abundance of caution, the PCRA court included both docket numbers. However, in all of her filings, *pro se* and counseled, as well as her appellate brief and arguments, Hardy refers only to the docket number and issues pertaining to the harassment case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/2017