J-S33008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY OLIVER | : | |
| | : | |
| Appellant | : | No. 2488 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011716-2011.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY OLIVER | : | |
| | : | |
| Appellant | : | No. 2489 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011718-2011.

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 24, 2022**

Anthony Oliver appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  Additionally, Oliver's court-appointed PCRA counsel has filed a motion for leave to withdraw, as well as a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550

A.2d 213 (Pa. Super. 1988) (*en banc*). We grant counsel's motion to withdraw and affirm the PCRA court's order denying Oliver post-conviction relief.

The pertinent facts and procedural history are as follows: On June 24, 2011, Oliver was charged at two separate dockets with thefts of computers from a laboratory on the campus of the University of Pennsylvania. Between 2011 and 2016, the proceedings were prolonged; Oliver initially sought a jury trial, later entered a guilty plea on August 11, 2015, and was permitted to withdraw it on October 20, 2015.

On August 22, 2016, Oliver entered a negotiated plea of *nolo contendere* to two counts of burglary and conspiracy. That same day, pursuant to the plea agreement, the trial court entered a sentence of 2½ to 5 years of imprisonment for each offense. These sentences were imposed concurrent to each other and concurrent to any other sentence already being served.

Oliver filed an appeal on September 27, 2016, which this Court quashed as untimely on November 21, 2016. Following the filing of a PCRA petition and the appointment of counsel, Oliver's appellate rights were reinstated *nunc pro tunc* on March 28, 2018. Oliver filed a timely appeal to this Court claiming that his sentence was illegal because the Pennsylvania Department of Corrections ran the sentence consecutive to a sentence he was already serving. He also raised claims of ineffective assistance of counsel.

In a judgment order filed on August 14, 2019, this Court concluded that Oliver must pursue his challenge to the computation of his sentence via an original action in Commonwealth Court. ***Commonwealth v. Oliver***, 221 A.3d

- 2 -

270 (Pa. Super. 2019), non-precedential decision at 2-3. We further concluded Oliver's ineffectiveness claims must await post-conviction review. *Id.* at 3-4. Thus, this Court transferred Oliver's sentence computation claim to Commonwealth Court and dismissed his ineffectiveness claims without prejudice to raise them in a PCRA petition. *Id.* at 4.

On December 2, 2019, Oliver filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on August 18, 2020. The Commonwealth filed a motion to dismiss on April 23, 2021, and Oliver filed a supplemental amended petition on May 31, 2021. On August 22, 2021, Oliver's sentence in this case expired. Because Oliver was no longer serving his sentence, the PCRA court dismissed his petition on November 8, 2021. This consolidated appeal followed.[1] Both Oliver and the PCRA court complied with Pa.R.A.P. 1925.

On June 27, 2022, PCRA counsel filed a **Turner**/**Finley** "no-merit" letter and petition to withdraw. We first address PCRA counsel's petition to withdraw. When counsel decides to withdraw from representing a PCRA petitioner, counsel must

> review the case zealously. [PCRA] counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which [the] petitioner wants to have reviewed, explaining why and

---

[1] We *sua sponte* consolidated Oliver's notice of appeal at each docket on January 10, 2022.

how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Upon review, we conclude that PCRA counsel has substantially complied with the *Turner/Finley* requirements as set forth above. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). In his "no-merit" letter, PCRA counsel asserts that Oliver is no longer eligible for post-conviction relief because his sentence in this case has expired.

Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

To be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation, or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). Thus, a petitioner who is not serving such a sentence "is not eligible for PCRA relief." *Commonwealth v. Williams*, 977 A.2d 1174, 1177 (Pa. Super. 2009). This is true even when a petitioner is still serving a sentence when he filed his or her petition but that sentence expires before the PCRA court adjudicates his petition. *Commonwealth v. Tinsley*, 200 A.3d 104, 107 (Pa. Super. 2018). Additionally, a petitioner whose sentence expires on the case at issue is not eligible for PCRA relief on that case simply because he or she still is serving a sentence on an unrelated case. *Commonwealth v. Hayes*, 596 A.2d 195, 199 (Pa. Super. 1991) (*en banc*).

Here, the PCRA explained its decision to deny post-conviction relief:

> This court commenced an evidentiary hearing on the merits of [Oliver's] PCRA petition on October 12, 2021. The hearing was bifurcated to allow the court time to confirm with the Department of Corrections whether [Oliver] was still serving a sentence in this case. This court then dismissed the PCRA petition on November 8, 2021, after receiving confirmation from the Department of Corrections that [Oliver's] sentence in this case had reached its natural expiration on August 22, 2021. [Oliver] remains in state custody to serve a sentence for [a] separate and distinct case. Dismissal of [Oliver's] PCRA petition was proper because this court accurately determined that [Oliver] had finished serving his sentence.

PCRA Court Opinion, 3/16/22, at 10.[2]

---

[2] The evidentiary hearing has not been transcribed.

Our independent review of the record supports the PCRA court's conclusion. Because Oliver has completed serving the sentence at issue, he is ineligible for post-conviction relief. We therefore grant PCRA counsel's motion to withdraw and affirm the PCRA court's order denying Oliver post-conviction relief.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2022