J-S30008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID A. CALHOUN | : | |
| | : | |
| Appellant | : | No. 2228 EDA 2021 |

Appeal from the PCRA Order Entered October 13, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0601371-2000

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 9, 2023**

Appellant, David A. Calhoun, appeals *pro se* from the October 13, 2021 order of the Court of Common Pleas of Philadelphia County denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and the procedural history of the instant matter are undisputed.[1]  Briefly, Appellant, on June 11, 2002, entered a plea of *nolo contendere* to two counts of possession with intent to deliver a controlled substance, criminal conspiracy, and possession of an instrument of crime.  On the same date, Appellant was sentenced to three to six years of incarceration. Appellant did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] For more details, **see Commonwealth v. Calhoun**, No. 417 EDA 2018, unpublished memorandum (Pa. Super. filed April 29, 2019).

Appellant filed the underlying PCRA petition, his third, on January 15, 2019.[2]  In the instant PCRA petition, Appellant did not address the timeliness of the petition or eligibility for PCRA relief.  On January 28, 2020, Appellant filed a supplemental amended petition, which, again, made no mention of timeliness or eligibility.

On June 4, 2021, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition.  On June 21, 2021, Appellant filed another supplemental amended petition, alleging, for the first time, that the petition was timely under the newly discovered fact exception.  The newly discovered fact was his recent discovery that the Commonwealth had allegedly breached the plea agreement underlying his *nolo contendere* plea.

On October 13, 2021, the PCRA court dismissed the underlying as untimely.  This appeal followed.

In PCRA appeals, our standard of review is whether the findings of the PCRA court are supported by the record and are free of legal error. **Commonwealth v. Strong**, 761 A.2d 1167, 1170 n. 3 (Pa. 2000).

At the outset, before we can address the timeliness and the merits of the appeal, we must address whether Appellant is eligible for relief under the PCRA.  To be eligible for relief under the PCRA, a petitioner must be either

---

[2] Appellant's judgment of sentence became final on July 11, 2002, at the expiration of the time for filing a direct appeal.  Appellant filed the instant PCRA petition on January 15, 2019, more than sixteen years after the July 11, 2003 deadline.  The instant PCRA petition is, therefore, facially untimely.

"currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **see also Commonwealth v. Smith**, 17 A.3d 873 (Pa. 2011), and **Commonwealth v. Matin**, 832 A.2d 1141 (Pa. Super. 2003). As our Supreme Court explained in **Ahlborn**, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. **Ahlborn**, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. **Id.** To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. **Id.** **See also Commonwealth v. Tinsley**, 200 A.3d 104, 107 (Pa. Super. 2018), *appeal denied*, 208 A.3d 461 (Pa. 2019).

Further, in order to be eligible for PCRA relief, an appellant must be currently serving a sentence on the conviction he or she seeks to collaterally attack, regardless of any unrelated subsequent convictions. **See Commonwealth v. Hayes**, 596 A.2d 195, 199 (Pa. Super. 1991) (*en banc*) (holding that the petitioner was not eligible for collateral relief where his sentence of imprisonment, probation or parole had expired for the conviction

at issue, even though he was then serving a sentence of imprisonment stemming from an unrelated conviction).

Here, based on our review of the record, Appellant does not meet the foregoing eligibility requirements as he completed his sentences prior to the filing of the instant PCRA petition. Indeed, Appellant, "who was sentenced to three to six years['] imprisonment, failed to demonstrate that he was eligible for relief under [the PCRA]. Specifically, [Appellant] failed to establish that he is currently serving the sentence for which he entered his nolo contendere plea." PCRA Court Opinion, 10/13/21, at 1, n.2 (citing *Calhoun*, No. 417 EDA 2018, at 6 n.4).[3]

Based on the foregoing, we conclude that Appellant failed to plead and prove by a preponderance of the evidence that he was serving a sentence of imprisonment, probation or parole for the crimes at issue in this appeal, as required under 42 Pa.C.S.A. § 9543(a)(1)(i). As such, Appellant is ineligible for PCRA relief in this case and the PCRA court properly dismissed Appellant's PCRA petition.[4]

_____

[3] In our memorandum, we concluded that Appellant's second PCRA petition was untimely. We also added: "Additionally, our review of the record supports the PCRA court's alternative conclusion that Calhoun is ineligible for relief under the PCRA because he did not establish that he is currently serving the sentence for which he entered his nolo contendere plea." *Calhoun*, No. 417 EDA 2018, at 6 n.4. The same reasoning and conclusions are applicable to the petition at hand here, his third.

[4] The Commonwealth and the PCRA court agree that the underlying PCRA petition at issue here is untimely. Specifically, they both agree that
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2023

---

Appellant's instant petition is facially untimely and that he failed to plead and prove the applicability of any exception to the timeliness rules of the PCRA. Given our disposition, we do not need to address the timeliness of the instant petition.  At any rate, we note that "no exception to the PCRA's one-year jurisdictional time-bar could overcome Appellant's failure to meet the threshold eligibility requirement."  ***Commonwealth v. Sanders***, 2020 WL 5362187 (Pa. Super. filed September 8, 2020)