J-A04012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LANCE GREENAWALT | : | |
| | : | |
| Appellant | : | No. 930 MDA 2022 |

Appeal from the PCRA Order Entered June 15, 2022
In the Court of Common Pleas of Adams County
Criminal Division at No.:  CP-01-CR-0000877-2009

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                **FILED: MARCH 31, 2023**

Appellant, Lance Greenawalt, appeals *pro se* from the June 15, 2022 order of the Court of Common Pleas of Adams County denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and the procedural history of the instant matter are undisputed.  Briefly, following a trial, the jury found Appellant guilty of burglary, theft, and criminal trespass.  On April 22, 2010, the trial court sentenced Appellant to four to ten years' imprisonment.  On appeal, we affirmed his judgment of sentence.  ***See Commonwealth v. Greenawalt***,

No. 1582 MDA 2010 (unpublished memorandum) (Pa. Super. filed January 23, 2012). Appellant did not file a petition for allowance of appeal.[1]

On July 2, 2012, Appellant filed his first PCRA petition, alleging ineffective assistance of counsel. Following a hearing, the PCRA court denied relief. On appeal, we affirmed. *See Commonwealth v. Greenawalt*, No. 687 MDA 2013 (unpublished memorandum) (Pa. Super. filed May 6, 2014).

Appellant filed the underlying PCRA petition on September 3, 2020. The PCRA court dismissed it on January 13, 2022, without a hearing, upon finding that the PCRA petition was untimely. The PCRA court also found that Appellant was not eligible for relief, having already served the sentence challenged here.

This appeal followed.

In PCRA appeals, our standard of review is whether the findings of the PCRA court are supported by the record and are free of legal error. *Commonwealth v. Strong*, 761 A.2d 1167, 1170 n. 3 (Pa. 2000).

At the outset, before we must address first the timeliness of the underlying PCRA petition.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). Therefore, in this case, the deadline for filing a timely petition was February 22, 2013. The

---

[1] Thus, Appellant's judgment of sentence became final thirty days after this Court's decision affirming the judgment of sentence, *i.e.*, on or about February 22, 2012.

instant petition is facially untimely, having been filed more than seven years after the expiration of the time for filing a timely PCRA petition. *Id.* The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

As noted by the PCRA court, the underlying PCRA petition is untimely. Specifically, the PCRA court found that Appellant's petition was facially untimely, and that Appellant failed to plead and prove the applicability of any exception to the timeliness rule. *See* PCRA Court Opinion and Order, 1/18/22, at 2. The same error is apparent before us. While Appellant raised several issues and sub-issues involving the merits of his claims, Appellant failed to address the timeliness of the instant petition. Thus, we conclude that the petition is untimely, and we cannot address the merits of Appellant's claims because we do not have jurisdiction to do so. *See*, *e.g.*, *Commonwealth v. Chester*, 895 A.2d 520, 524 (Pa. 2006) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020) ("Appellant's PCRA petition is untimely on its face, and Appellant has failed to plead and prove that his petition meets the requirements of the statutory exceptions to the PCRA's jurisdictional time-bar. This Court and the PCRA court, therefore, lack jurisdiction to consider Appellant's substantive claims.").

We also note that Appellant is ineligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must be either "currently

serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence."  42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought.  **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997); **see also Commonwealth v. Smith**, 17 A.3d 873 (Pa. 2011) and **Commonwealth v. Matin**, 832 A.2d 1141 (Pa. Super. 2003).  As our Supreme Court explained in **Ahlborn**, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute.  **Ahlborn**, 699 A.2d at 720.  Indeed, to be eligible for relief, a petitioner must currently be serving a sentence of imprisonment, probation, or parole.  **Id.**  To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA.  **Id. See also Commonwealth v. Tinsley**, 200 A.3d 104, 107 (Pa. Super. 2018), *appeal denied*, 208 A.3d 461 (Pa. 2019).

Further, in order to be eligible for PCRA relief, an appellant must be currently serving a sentence on the conviction he or she seeks to collaterally attack, regardless of any unrelated subsequent convictions.  **See Commonwealth v. Hayes**, 596 A.2d 195, 199 (Pa. Super. 1991) (*en banc*) (holding that the petitioner was not eligible for collateral relief where his sentence of imprisonment, probation or parole had expired for the conviction

- 4 -

at issue, even though he was then serving a sentence of imprisonment stemming from an unrelated conviction).

Here, based on our review of the record, Appellant does not meet the foregoing eligibility requirements for PCRA relief, as he has completed his sentence. The sentencing order for the conviction at issue here shows that Appellant was sentenced to four to ten years' incarceration to be served in a state correctional institution. Sentencing Order, 4/22/10; N.T. Sentencing Hearing, filed May 4, 2010, at 2. At the sentencing hearing, the trial court also stated that the effective date of the sentence was August 13, 2009, and that Appellant was remanded to state custody for immediate commitment. *Id.* There is no indication that the sentence imposed was consecutive to any other sentence he was serving. *Id.*

Based on the foregoing, we conclude, therefore, that Appellant failed to plead and prove by a preponderance of the evidence that his PCRA petition is timely and that he was serving a sentence of imprisonment, probation, or parole for the crimes at issue in this appeal, as required under 42 Pa.C.S.A. § 9543(a)(1)(i). As such, the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.[2] Application denied.

---

[2] While the instant appeal was pending, Appellant filed an application for relief ("Motion to Order Ruling"). In light of our disposition, the application is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/31/2023</u>