J-S10037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN ANTHONY VENI | |
| Appellant | No. 2279 EDA 2016 |

Appeal from the PCRA Order dated June 16, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0004073-2012

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 26, 2017**

Appellant, Bryan Anthony Veni, appeals from the order denying his Post Conviction Relief Act ("PCRA") petition.[1]  Because Appellant is no longer serving his sentence of probation, we affirm.

The detailed facts underlying Appellant's sentence are not necessary for our disposition.  Briefly, Appellant was involved in a physical altercation with an intoxicated victim.  ***Commonwealth v. Veni***, 2641 EDA 2013, 1-2 (Pa. Super. Nov. 12, 2014).  Appellant and the victim had exchanged words in a convenience store, after which the victim departed by foot in one direction and Appellant drove away in the opposite direction in his vehicle. ***Id.*** at 2.  Appellant, however, drove back to the victim, confronted him, and placed a gun under the victim's chin.  ***Id.***  A physical tussle ensued, which

---

[1] 42 Pa.C.S. §§ 9541-9546.

also involved a passenger in Appellant's vehicle and during which Appellant lost possession of the gun. *Id.* at 2, 9-10. Eventually, Appellant disengaged from the victim and drove away. *Id.* at 3.

After a bench trial, Appellant was convicted of terroristic threats, simple assault, harassment, and conspiracy. *Veni*, 2641 EDA 2013 at 1. On January 25, 2013, the court sentenced Appellant to three years of probation. He appealed to this Court, which affirmed on November 12, 2014. *Id.*

On December 11, 2015, Appellant filed the instant PCRA petition, which was assigned to Judge Boylan. In his petition, Appellant raised ten claims of trial counsel's ineffective assistance. Some of those claims include trial counsel's alleged failure to (1) call a fact witness, (2) cross-examine a witness about his state of inebriation, (3) negotiate an appropriate plea bargain, (4) suppress statements, and (5) object to allegedly irrelevant evidence. PCRA Pet., 12/11/15. Appellant's three-year sentence was scheduled to expire on January 25, 2016. Concerned that expiration of his sentence would remove his ability to have his PCRA issues heard,[2] Appellant filed a petition on January 21, 2016, to extend the duration of his probation, citing Section 9771(a) of the Sentencing Code as authority for that relief. Section 9771(a) states, "The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of

---

[2] As discussed below, the PCRA provides that a petitioner is not eligible for relief unless he is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(i).

probation has been imposed." 42 Pa.C.S. § 9771(a). On January 22, 2016, all counsel had an in-person meeting with Judge Boylan, who scheduled a hearing for Monday, January 25, 2016, at 2:00 p.m. N.T. PCRA Hr'g, 2/5/16, at 4-5 (recounting procedural history). On that Monday, however, a winter storm closed the court. *Id.* at 5.

The next day, Tuesday, January 26th, court was open and counsel again had a meeting with Judge Boylan. At that meeting, the assistant district attorney reported that Appellant's January 25, 2013 sentence "had reached its maximum" on January 25, 2016, and that "on that day, approximately noon, Adult Probation and Parole had closed the case." N.T. PCRA Hr'g at 5.

Judge Boylan then scheduled a hearing on Appellant's PCRA petition for February 5, 2016. At the February 5 hearing, the assistant district attorney stated that Judge Boylan "put on the record . . . that she ordered that the probation extend through today[, *i.e.*, February 5, 2016,] for the purposes of today's proceeding." N.T. PCRA Hr'g at 5. Appellant's counsel confirmed that "everything that [the assistant district attorney] has said is correct." *Id.* at 6. Despite this agreement, the record does not reflect any written order by Judge Boylan extending Appellant's probation. The parties have referred to Judge Boylan's action as an oral order.

Upon learning that Appellant's original trial judge, Judge Rufe, was available on February 5, 2016, Judge Boylan transferred the PCRA hearing to

Judge Rufe. Counsel then updated Judge Rufe of the procedural history of the case. N.T. PCRA Hr'g at 3. The Commonwealth expressed its view that, notwithstanding Judge Boylan's oral order to extend Appellant's probation through February 5, 2016, the PCRA court no longer had jurisdiction because Appellant's sentence had expired. *Id.* at 6. The Commonwealth then called its first witness, Shawn Stiver, from Bucks County Probation and Parole. N.T. PCRA Hr'g at 6-7. Mr. Stiver testified that Appellant was not under any supervision, as probation expired on January 25, 2016. *Id.* at 9.

After several additional witnesses, the evidentiary hearing concluded and the following exchange transpired:

> [Appellant's counsel]: I would agree to [the proposed post-hearing briefing schedule], Your Honor, if we have an understanding that my client's probation is going to be extended through the Court making a decision on the PCRA.
>
> The Court: No objection to that?
>
> [Assistant district attorney]: Your Honor, I believe I am constrained, based on my earlier request for dismissal, to object to that. I believe notwithstanding—
>
> The Court: Your objection to holding the probation open may be noted, but it can be held open until a further decision is made, can it not?
>
> [Assistant district attorney]: Your Honor, if it is, in fact, still open, then I believe this Court may be able to do that; although, it would be extraordinary that anybody allow [*sic*] someone to remain on probation past the max absent violation. That is only,

of course, if you agree to Judge Boylan's oral order, which I contend took place after the—[3]

The Court: It is extraordinary, but this is an extraordinary case at this juncture, is it not?

[Assistant district attorney]: I would be hard-pressed to contradict that statement.

The Court: Very well. You would not—do you not believe the Commonwealth has waived its right to object to the termination of probation on the application made by Judge Boylan and your application that was made at this time?

[Appellant's counsel]: I'm not arguing that they waived that right. In all candor to the Court, the [C]ommonwealth has made that argument at every juncture; however, Judge Boylan seriously considered it and Judge Boylan did move or did issue an oral order to extend the probation. Judge Boylan concluded it was in the interest of justice for my client to have a hearing on the merits and a determination on the merits. That is all we are looking for at this point.

[Assistant district attorney]: And I agree with everything he said. My only qualifier would be at the time [Judge Boylan] did that it's my—to the best of my knowledge, information and belief—belief that his probation has been completed and closed.

The Court: Very well.

[Appellant's counsel]: And in this—

The Court: We have resolved the issue and have not decided whether probation was terminated or not.

*Id.* at 119-20.

_____

[3] Counsel's statement was cut off in mid-sentence. It appears that the Commonwealth intended to refer to the fact that Judge Boylan's January 26, 2016 oral order was entered after Appellant's probation sentence formally expired on January 25, 2016.

On June 16, 2016, the court denied Appellant's PCRA petition on the merits. Nothing in the record or docket reflects any subsequent request to extend Appellant's probation beyond June 16, 2016. Nor does any document show that Appellant's probation was actually extended beyond that date. Appellant timely appealed.[4]

"In reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, ___ A.3d ___, ___, 2017 WL 1290747, at *3 (Pa. Super., Apr. 7, 2017). Before considering the merits of the trial court's ruling here, however, we must consider whether the PCRA provides statutory authority to provide Appellant with any relief at all.

_____

[4] In a Pa.R.A.P. 1925(a) opinion, the PCRA court held that none of Appellant's ineffective assistance of counsel claims had merit. Specifically, Appellant's trial counsel did not call a particular witness because that witness was advised "to invoke his Fifth Amendment privilege and not testify." PCRA Ct. Op. at 7. Further, Appellant failed to establish he was prejudiced by trial counsel's failure to (1) call character witnesses, (2) negotiate a sentence for accelerated rehabilitative disposition, (3) resolve a minor discrepancy in the testimony, or (4) object to testimony that he possessed a handgun. ***Id.*** at 8, 13, 17-18. Trial counsel was also not ineffective, the PCRA court opined, by not (1) cross-examining the victim in detail about how drunk the victim was, (2) introducing evidence of the victim's drinking habits, or (3) moving to suppress Appellant's spontaneous and pre-arrest statements. ***Id.*** at 10-11, 13-16. The PCRA court noted that because this was a bench trial, Appellant could not show that the verdict was improperly influenced by inflammatory evidence, and that the court had sustained Appellant's objections to the Commonwealth's references to his post-arrest silence. ***Id.*** at 16. Were we to reach the merits of Appellant's issues, we would agree with the trial court's holdings on all of these issues.

Eligibility for PCRA relief is governed by 42 Pa.C.S. § 9543, which provides in pertinent part:

> **(a) General rule.—*To be eligible for relief*** under this subchapter, the petitioner **must plead and prove** by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and **is at the time relief is granted**:
> >
> > > (i) **currently serving a sentence of imprisonment, probation or parole** for the crime . . . .

42 Pa.C.S. § 9543(a) (emphasis added). The Commonwealth contends that Appellant no longer is eligible for PCRA relief because his sentence of probation ended on January 25, 2016. We are constrained to agree.

Appellant points out that he anticipated the Commonwealth's objection and addressed it by asking the PCRA court to extend his probationary period so the court could entertain his petition before his sentence expired. ***See*** Appellant's Brief at 35. He claims that the court had authority to extend his probation under Section 9771(a) of the Sentencing Code, which he interprets to say that probation "may be modified **or increased** at any time." ***Id.*** (emphasis added).[5] Citing the Statutory Construction Act, 1 Pa.C.S. § 1908, Appellant claims that because the PCRA court was closed due to inclement weather on January 25, 2016, making it impossible for the

---

[5] As previously noted, Section 9771(a) actually states that a court may "lessen or increase **the conditions** upon which an order of probation has been imposed." 42 Pa.C.S. § 9771(a) (emphasis added).

court to address his motion to extend his probation on that day, Appellant's probation did not actually expire until the next business day, January 26, 2016. Appellant's Brief at 35.[6] He claims further that on January 26, 2016, Judge Boylan verbally ordered that his "probation be extended through the disposition of the PCRA petition." *Id.* Appellant contends that Judge Boylan acted within her authority to extend his probation and this Court should conclude he is still on probation and eligible for PCRA relief. *Id.* at 36.

The Commonwealth counters that Appellant's sentence expired on January 25, 2016. Commonwealth's Brief at 10. It refers this Court to testimony from Mr. Stiver, who stated that Appellant was no longer being supervised by the probation department. *Id.* at 11. The Commonwealth challenges Appellant's interpretation of Section 9771 of the Sentencing Code and argues that a court has no authority to increase a term of probation; rather, Section 9771 permits a court only to terminate probation or modify a condition of probation. *Id.* at 12.

We need not construe Section 9771 to ascertain whether the PCRA court had authority to extend Appellant's probation, or to determine whether Appellant' probation expired on January 25, January 26, February 5, or June 16, 2016. Even if Judge Boylan had authority to extend Appellant's

---

[6] Section 1908 states, in pertinent part: "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S. § 1908. It makes no specific reference to inclement weather.

probation, and even if she then exercised that authority to extend Appellant's probation to some date up to or including the time of the PCRA court's June 16, 2016 decision, we find nothing in the record to support any further extension of Appellant's probation beyond that date.

We reject Appellant's argument that Judge Boylan ordered that Appellant's "probation be extended through the disposition of the PCRA petition." Appellant's Brief at 35. There is no formal order in the record purporting to extend Appellant's probation at all. At most, there is a reference in the February 5, 2016 PCRA hearing transcript to an oral order by Judge Boylan "that the probation extend through today[, *i.e.*, February 5, 2016,] for the purposes of today's proceeding." N.T. PCRA Hr'g at 5. Both counsel at that hearing confirmed that scope of the alleged oral order. *See id.* at 5-6. At the end of the hearing, Judge Rufe said he had "not decided whether probation was terminated or not." *Id.* at 119-20. He did not say he was extending probation for any period beyond February 5, 2016.

Thus, even if an effort was made to extend Appellant's probation beyond the date of expiration of his sentence, that effort did not extend beyond February 5, 2016, and it certainly did not extend beyond the June 16, 2016 date of the PCRA court's decision. Accordingly, there is no doubt that Appellant's probation has now ended. In *Commonwealth v. Plunkett*, 151 A.3d 1108 (Pa. Super. 2016), we held that where a PCRA appellant's sentence concludes after the date of the PCRA decision but before we reach

a decision on an appeal from that decision, we no longer may provide relief.

We explained:

> The general proposition that a petitioner must be currently serving the sentence for the crime has been applied in numerous PCRA cases. *See Commonwealth v. [Emma] Turner*, 80 A.3d 754 (Pa. 2013); *Commonwealth v. Stultz*, 114 A.3d 865 (Pa. Super. 2015); *Commonwealth v. Williams*, 977 A.2d 1174 (Pa. Super. 2009); *Commonwealth v. Pagan*, 864 A.2d 1231 (Pa. Super. 2004); and *Commonwealth v. Hayes*, 596 A.2d 195 (Pa. Super. 1991) (*en banc*). All of these cases differ from the instant case in that . . . the petitioner had served the sentence prior to any PCRA hearing or order disposing of the PCRA petition. Here, Plunkett completed his sentence after the PCRA hearing and order denying him relief, as well as after filing his notice of appeal, but prior to the transmittal of the certified record to this Court. Our review of case law leads us to conclude this difference does not negate the applicability of the statutory language of Section 9543(a)(1)(i) to this case. . . . Because Plunkett's sentence has expired, he is no longer entitled to PCRA relief. Accordingly, we affirm the PCRA court's order.

151 A.3d at 1109-10. Therefore, because Appellant has now completed his sentence, he is no longer eligible for relief under Section 9543(a).

We recognize that Section 9543(a)(i) of the PCRA may preclude the ability of defendants serving short sentences from obtaining redress, a problem highlighted by now-Chief Justice Saylor in some of his opinions. *See, e.g.*, *Commonwealth v. Holmes*, 79 A.3d 562, 585 (Pa. 2013) (concurring opinion); *Commonwealth v. O'Berg*, 880 A.2d 597, 606–08 (Pa. 2005) (dissenting opinion). Appellant's willingness in this case to go so far as to try to extend his sentence beyond its expiration date underscores his desire for some means of relief in this situation. We are constrained, however, by the terms of the PCRA that the Legislature has enacted. Under

those terms, Appellant is not entitled to PCRA relief.  Accordingly, we affirm the order below.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2017