J. S33038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
FRED CROWDER, : No. 1846 MDA 2018
:
Appellant :


Appeal from the PCRA Order Entered October 9, 2018,
in the Court of Common Pleas of York County
Criminal Division at Nos. CP-67-CR-0001740-2017,
CP-67-CR-0001741-2017


BEFORE:  LAZARUS, J., OTT, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 13, 2020**

Fred Crowder appeals from the October 9, 2018 order entered by the Court of Common Pleas of York County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Additionally, appellant's appointed counsel for collateral review, Charles J. Hobbs, Esq., has filed an application to withdraw.  After careful review, we quash this appeal.

On June 14, 2017, appellant pled guilty to one count of possession of a controlled substance with intent to deliver at Docket Number 1740-2017 and one count of possession of drug paraphernalia at Docket Number 1741-2017.[1] The trial court sentenced appellant to one to two years' imprisonment on

---

[1] 35 P.S. § 780-113(a)(30) and (32), respectively.

June 14, 2017, with credit for time served at Docket Number 1740-2017. The trial court imposed a sentence of 12 months' probation at Docket Number 1741-2017, to be served concurrently with the 1740-2017 sentence. Appellant did not pursue a direct appeal to this court.

Appellant filed a timely **pro se** PCRA petition on July 13, 2018. The PCRA court held a hearing on October 2, 2018, and entered an order denying appellant's petition on October 9, 2018. The PCRA court's order only included Docket Number 1740-2017.

On November 5, 2018, appellant filed a timely notice of appeal to this court. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The PCRA court then filed an opinion pursuant to Pa.R.A.P. 1925(a).

On January 4, 2019, we entered an order directing appellant to show cause why his appeal should not be quashed for failing to file two separate notices of appeal pursuant to our supreme court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response, and this court discharged the rule to show cause, referring the issue to the merits panel.

Before we address appellant's issues on appeal, we must first address whether appellant filed a notice of appeal in compliance with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and **Walker**. The

Official Note to Rule 341 of the Rules of Appellate Procedure provides as follows:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Here, the order from which appellant takes the instant appeal disposes of issues arising on only one docket, 1740-2017. Therefore, ***Walker*** is not implicated and appellant's notice of appeal is in compliance with our Rules of Appellate Procedure.

We must next determine whether appellant is eligible for relief under the PCRA. The PCRA limits eligibility for relief, ***inter alia***, to petitioners "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted. 42 Pa.C.S.A. § 9543(a)(1). ***See also Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa.Super. 2015), ***appeal denied***, 125 A.3d 1201 (Pa. 2015); ***Commonwealth v. Turner***, 80 A.3d 754, 765-766 (Pa. 2013), ***cert. denied***, 134 S.Ct. 1771 (2014); ***Commonwealth v. Ahiborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa.Super. 2009), ***appeal denied***, 990 A.2d 730 (Pa. 2010); ***Commonwealth v. Pagan***, 864 A.2d 1231, 1234 (Pa.Super. 2004), ***cert. denied***, 546 U.S. 909 (2005);

J. S33038/19

***Commonwealth v. Hayes***, 596 A.2d 195, 200 (Pa.Super. 1991) (***en banc***),

***appeal denied***, 602 A.2d 856 (Pa. 1992). Appellant's sentence in this matter

expired in June of 2019.

Appeal quashed. Application to withdraw denied as moot.


Ott, J. did not participate in the consideration or decision of this case.



Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2020

- 4 -